MORRIS D. TURNER *v.* STATE OF
MARYLAND

[No. 158, September Term, 1968.]

*Decided December 30, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert W. Baker* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter D. Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant, convicted at a court trial in the Criminal Court of Baltimore of assault with intent to murder and sentenced to 15 years imprisonment, presents three questions on appeal from the judgment. Two of the questions relate to the guilt stage of the trial:

I "Was the appellant, under all the circumstances of his case, denied the effective representation of counsel?"

II "Does the failure of the trial judge to make a finding of sanity at the time of the offense after a written plea of insanity has been filed render the judgment void?"

The third question relates to the penalty stage of the trial:

III "Did the lower court's refusal to consider the report of the Clifton T. Perkins State Hospital or to order a probation report on the appellant before sentencing deny him due process of law under the Fourteenth Amendment to the Federal Constitution?"

I

## COMPETENCY OF COUNSEL

The issue of the competency of trial counsel was not tried and decided below and thus is not properly before us. Md. Rule, 1085. We have repeatedly invoked this rule because, among other reasons, counsel has had no opportunity to defend

himself, *Jordan v. State*, 2 Md. App. 415, and because an appellant is not precluded from raising the point in other proceedings available to him, *Harris v. State*, 2 Md. App. 408. We are not persuaded from the record here or from the appellant's contentions with regard to the issue to entertain it now. Although it is, perhaps, possible that ineptness of counsel would be so apparent from the face of the record we could determine on an appeal that an appellant had been denied due process of law, such inadequacy is not apparent on this record. *Thomas v. State*, 2 Md. App. 645.

## II

### THE VERDICT

Prior to trial the appellant filed a written plea of "not guilty," "not guilty by reason of insanity at the time of the offenses," and "not guilty by reason of insanity now," and he went on trial under those pleas. At the time of trial and preliminarily thereto the State offered and there was received in evidence a copy of a letter addressed to the court from the Superintendent of Clifton T. Perkins State Hospital reporting the results of "a comprehensive psychiatric evaluation with psychological testing, social service investigation, electroencephalography, and other pertinent clinical as well as laboratory studies" made of the appellant pursuant to an order of the court. It stated that it was the unanimous opinion of the medical staff that the appellant was "currently able to understand the nature and object of the proceedings against him and to assist in his own defense" and that "at the time of the alleged offenses (he) did not have a mental disease or defect which would have caused him to lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." On the insanity issues the appellant submitted on this evidence. The court found that the appellant "does have the capacity to be tried at this time." It reserved "further finding until the end of the case." The docket entries read as to the verdict: "Guilty 1st count (sane then and now)"; but the transcript of the proceedings does not disclose that the court made a specific finding in rendering its verdict at the close of the evidence and after hearing from counsel, as to the appellant's sanity at the time of the

commission of the offense, the verdict merely being that the appellant was guilty of assault with intent to murder. The appellant contends that the failure of the lower court to make a finding that he was sane at the time of the commission of the offense voids the judgment of conviction and sentence.

In *Price v. State,* 159 Md. 491 (1930), by a four to three decision, the Court of Appeals reversed a judgment on a conviction of murder in the first degree, holding that where a defense of insanity was raised the jury should have rendered a separate verdict on the issue of insanity, by a proper construction of the statute then in effect, Md. Code, (1924), Art. 59, § 6. This statute had been in effect for more than a century with a consistent practice contrary to the holding of the majority. *Berman v. Warden,* 232 Md. 642, 646. Shortly thereafter, in 1931, the General Assembly amended the section to require a preliminary hearing on insanity and by Ch. 81, Acts of the Special Session of 1933, reinstated the former practice. Codified as Art. 59, § 7 the Act provided, among other things, that if a verdict does not contain a finding on insanity, a finding of sanity is conclusively presumed from the verdict of guilty of the crime charged. In *Berman v. Warden, supra,* Berman, who had been convicted in 1928, raised under post conviction procedures the same issue which had been raised in *Price* and relied on that opinion. Denying the application for leave to appeal the Court assumed but did not decide that the statute, construed in *Price* and applicable at the time of Berman's conviction, required a separate verdict on the issue of insanity and that the failure to render such a verdict was not cured by a general verdict of guilty in which a finding of sanity would seem to be implicit. It held, however, that the failure to render such a verdict was "[a]t most * * * a technical error in procedure which did not nullify the judgment of a court of general jurisdiction having complete jurisdiction of the person and subject matter, or render it subject to collateral attack." It said, at 646:

> "We are not aware of any decision of the Supreme Court of the United States, or of any federal court, holding that the rendition of a general verdict or the

> entry of a judgment under such circumstances is a violation of due process."

It expressly overruled the holding in *Price* that the error was jurisdictional. Chapter 709, Acts of 1967, repealed former §§ 7-12 of Art. 59 and enacted new §§ 7-12 in lieu thereof. The Act, applicable to all cases tried on and after 1 June 1967, established new tests for competency to stand trial [1] and of responsibility for criminal conduct, replacing the tests followed in Maryland theretofore. See *Bergin v. State,* 1 Md. App. 74; *League v. State,* 1 Md. App. 681. New § 9(b) requires, when it is desired to interpose a defense of insanity, that there be filed a plea in writing in addition to the plea or pleas otherwise required or permitted by law, alleging that the defendant was insane at the time of the commission of the alleged crime. It also provides: "At the trial of any case where there has been theretofore filed a plea of insanity at the time of the commission of the crime, the court shall direct the jury to render a special verdict on the sanity of the defendant at the time of the alleged crime." And it provides a sanction for the failure to file the plea as required: "No such verdict as to insanity of the defendant at the time of the alleged crime shall be directed or accepted unless a plea in writing alleging that the defendant was insane at the time of the commission of the alleged crime shall have been filed by the defendant or his counsel." Thus the provisions with respect to the special verdict and the sanction for failure to file the required plea apply only to jury trials and there is no provision for such a special verdict nor is there a sanction stated for failure to file the required plea in a court trial, although we think it clear that the requirement that the defense of insanity be in-

---

1. No issue is raised in the instant case with regard to the competency of the appellant to stand trial. In *Strawderman v. State,* 4 Md. App. 689 at 695, we said that this issue is not raised by a plea and its determination is a matter resting exclusively in the court, not being for the determination of a jury. Here the issue was raised by a plea in the form usually used under old § 7 but the procedure followed by the court was proper and the evidence before it was sufficient under the new test for it to be convinced beyond a reasonable doubt that the appellant was competent to stand trial.

terposed by a plea in writing is applicable to both jury trials and court trials. See *Strawderman v. State, supra,* p. 695, note 6. In *Strawderman,* at 697-698, we enunciated the rule to be followed under Chapter 709. We held that when the required plea had been filed, "The court should determine preliminarily whether the proof adduced in support thereof is sufficient to raise a doubt as to the sanity of the accused, as defined, in the minds of reasonable men. If it finds that it is not, the State has no further burden with respect thereto and in a jury trial, the question is not submitted to the jury." So whether the trier of fact be the court or a jury, if the court determines that the proof adduced was not sufficient to raise the requisite doubt, the issue does not go to the trier of fact, and no special verdict is rendered. Since a person is presumed to have been responsible for criminal conduct and sane at the time of such conduct, it is only upon the determination of the court on preliminary hearing, the issue of sanity having been raised, that the proof was sufficient "to surmount the threshold question of doubt of the accused's responsibility" that the State has the burden of convincing the trier of fact that the accused was sane. It is in that event that evidence on the issue should be introduced before the trier of fact, and, in a jury case, that the statute, as we have interpreted it, provides that the court shall direct the jury to render a special verdict. And we think it the better practice, even though the statute does not so expressly provide, that when the issue is before the court as the trier of fact, that the court render such a special verdict.

With that background we turn to the instant case. As the trial was held on 4 April 1968, the provisions of Art. 59, new §§ 7-12 were applicable. The appellant had filed a plea in writing interposing the defense of insanity as required. But at the hearing on the issue prior to trial the only evidence before the court was the unanimous opinion of the medical staff of Clifton T. Perkins State Hospital that the appellant was sane, reached after a thorough examination of him. There being no scintilla of proof that the appellant was insane, the court should have then determined that the evidence was insufficient to raise the requisite doubt and found that the appellant was sane at the time of the commission of the alleged offense. But the court

reserved its finding, and neglected to make a finding on the issue when it rendered the verdict of guilty. However, in the circumstances we find no error requiring reversal. We think it apparent that the sanity issue was never before the court as the trier of fact and was not considered so to be by the court, the State or the defense; no evidence on the issue was proffered or received at the trial on the merits. The court simply reserved its finding, which more properly should have been made preliminarily, and failed to make it thereafter. Although the reservation of the finding was not conducive to orderly procedure and we cannot justify the failure to make the finding ultimately, we see no prejudice to the accused and he showed no actual prejudice. We feel that a finding of sanity was implicit in the general verdict of guilty and note that on the evidence before it the court could not have properly found other than that the appellant was sane. But even assuming, *arguendo,* that the verdict of guilty did not cure the failure to make the finding, we believe it was, at most, a technical error in procedure which did not nullify the judgment and that it was not a jurisdictional error. We are not aware of a Supreme Court decision holding that the rendition of a general verdict or the entry of a judgment under such circumstances violates any constitutional right, there is no statute in this State compelling a holding to the contrary and we think the ruling in *Berman v. Warden, supra,* apposite at least by analogy, supports our view.

We note that there was no objection below to the reservation by the court of its finding on the issue of sanity. Nor was the failure to make the finding raised and thus was not tried and decided by the lower court. Therefore, having found that the error was not jurisdictional, the question is not properly before us. Md. Rule 1085. We have considered it *ex mero motu,* however, as desirable for the guidance of the lower court.

The matter before us as we have considered it, did not encompass questions arising from a failure to render a special verdict on the sanity of a defendant in a court trial or a jury trial when the issue of sanity was before the trier of fact after a preliminary determination by the trial court that there had been offered proof of insanity sufficient to overcome the initial presumption of sanity of the accused. We shall consider such ques-

tions, within the purview of new §§ 7-12 of Art. 59, if and when they are squarely before us.

## III

### THE SENTENCING PROCEDURE

The appellant contends that he was denied due process of law because, in imposing sentence:

(1) The lower court refused to consider relevant portions of the report of the examination and evaluation of him by the medical staff of Clifton T. Perkins State Hospital; and

(2) The lower court refused to order a presentence investigation.

### (1)

Md. Rule 761a provides in relevant part: "Before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment." The appellant claims that he was denied the opportunity to present evidence in mitigation of punishment because the court refused to consider the Clifton T. Perkins report, received in evidence on the preliminary issues of competency to stand trial and responsibility for criminal conduct, in imposing punishment. We think the contention is based on an incorrect premise. At the close of all the evidence the appellant's counsel made his argument to the court. He referred to the subject report and specifically to that portion "which deals with the stress Mr. Turner was under as a result of the marital problems which grew out of his marriage to Mrs. Turner." He developed the appellant's background and urged that the shooting resulting in the charge against the appellant "arose out of * * * jealousy, whether it was legitimate or insane jealousy of a man who has a rigid set of values, perhaps too rigid set of values. Instead of talking it out with someone he allowed these doubts and worries as to his wife's fidelity to bore within him and they exploded in November on DeSota Road. I hope Your Honor will take this into consideration." The court said it could not take it into consideration as there was no evidence to support it. Counsel said, "You have the report," and the court re-

plied, "That is hearsay under the grossest type, and self-serving * * * I don't have a scintilla of evidence to support the allegation in the third paragraph of the report regarding the alleged promiscuity of the wife." Counsel then requested probation without verdict as the appellant had no criminal record. He urged that if the appellant was given the opportunity he would go back to Virginia and his job and be able to support his family of four children. Counsel asked for a "probation report" but the court reminded him that it had not made a finding yet. It then rendered the verdict. We think it obvious that the court refused to consider the report on the question of the appellant's criminal agency, not on the question of punishment. The guilt stage of the trial had not been concluded and the court's remarks that the report could not be considered related to the matter of guilt or innocence and were entirely correct. The report had not been offered in the trial on the merits, was not relevant or material to the question of guilt and there was no other evidence before the court with respect to the matters urged in argument. As presented there was no denial of due process by the refusal of the court to consider the report.

## (2)

The court may order a presentence investigation before imposing sentence, but it is not obliged to do so, it being a matter entirely within its province.[2] Md. Rule 761c. The general principle is that, if the sentence is within the limits prescribed by law, it ordinarily may not be reviewed on appeal. *Gleaton v. State,* 235 Md. 271. However, an allegation that the procedure in the determination of the sentence violated the constitutional right to due process, if supported, is reviewable on appeal as

---

2. If the presentence investigation is ordered, inspection of the report by counsel is a matter of the sound exercise of the court's discretion. Md. Rule 761d; *Costello v. State, infra.* But any information which might influence the judgment of the sentencing judge, not received from the defendant himself or given in his presence, should be called to the defendant's attention or to the attention of his counsel, without necessarily disclosing the sources of such information, so that the defendant may be afforded an opportunity to refute or discredit it. *Driver v. State,* 201 Md. 25; *Jordan v. State,* 5 Md. App. 520.

an exception to the general principle. *Costello v. State,* 237 Md. 464, 469. See *Williams v. New York,* 337 U. S. 241 (1949). The allegation that the procedure in the determination of the sentence here violated the constitutional right to due process is not supported by the reason advanced by the appellant. We find no error in the refusal of the court to order a presentence investigation.[3]

*Judgment affirmed.*

---

3. The appellant filed an application for review of sentence. By order of the Review Panel a change in the sentence was denied.