Dennis Wayne McDONALD, Appellant,

v.

STATE OF ARKANSAS, A. L. Lockhart, Superintendent, Cummins Unit, Arkansas Department of Corrections, et al., Appellees.

No. 74–1038.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1974.

Decided Aug. 5, 1974.

Certiorari Denied Nov. 11, 1974.

See 95 S.Ct. 325.

Winford L. Dunn, Jr., Texarkana, Ark., for appellant.

Walter Murray, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY and STEPHENSON, Circuit Judges, and SMITH, Senior District Judge.[*]

HEANEY, Circuit Judge.

Dennis Wayne McDonald was convicted of first degree rape after a November, 1971, jury trial in the Circuit Court for Miller County, Arkansas. He was sentenced to thirty years imprisonment and is currently serving the sentence in the Cummins Unit of the Arkansas State Penitentiary. The Arkansas Supreme Court affirmed his conviction on appeal and denied his request for a rehearing. McDonald v. State, 253 Ark. 812, 491 S.W.2d 36 (1973). In April of 1973, McDonald filed a petition for a writ of habeas corpus in the District Court, challenging the validity of the rape conviction. After an evidentiary hearing, the District Court dismissed the petition. This appeal was then taken.

The rape for which McDonald was convicted took place outside the victim's home early in the morning of June 19, 1971. The victim immediately called the police. A police dispatcher, in turn, radioed the information that a white male with blue jeans, red shirt and sandals and with a "silver knife and a cup towel" had raped the lady at a given location. The police went to the scene, and while there—approximately seven minutes after the victim's call—they observed a man fitting the above description running down the sidewalk. A police officer shouted at the man, McDonald, and told him to come back. He did so and was searched by the police. The knife and towel were found in the search. McDonald was then informed he was under arrest and jailed.

McDonald contends that a reversal of the dismissal of his petition is warranted for the following reasons:

(1) *The arrest and subsequent search were unconstitutional, and the articles obtained by the search should not have been admitted into evidence.* We disagree. There clearly was probable cause to effect an arrest without a warrant inasmuch as: (a) the police had reported to the scene of the crime in response to the victim's phone call that she had been raped; (b) McDonald was seen running in the neighborhood in which the crime was committed; and (c) he fit the description that

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

had been radioed to the officers. The search and seizure were permissible as incident to the arrest. *See, e. g.*, Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We find no merit to McDonald's assertion that an unlawful search preceded the arrest. The precise moment of arrest is a question of fact. Sibron v. New York, 392 U.S. 40, 67, 88 S.Ct. 1889, 20 L.Ed. 2d 917 (1968). From this record, it is clear that the arrest took place when the police first restrained McDonald after determining that he fit the description of the alleged rapist. This is not a case where the search preceded the arrest and established the justification for the arrest.

(2) *The Arkansas trial court erred by failing to grant McDonald's motion for a new trial based on allegations of jury and witness misconduct and newly discovered evidence.* The District Court correctly refused to issue the writ on these grounds.

■ In January of 1972, the Arkansas trial court held a thorough evidentiary hearing on McDonald's allegation that the victim's daughter perjured herself in testifying at the trial. The testimony at the hearing was conflicting, and the trial court concluded that it did not warrant a new trial. The Arkansas Supreme Court affirmed the ruling. McDonald v. State, *supra*, 491 S.W.2d at 38. On this record, we cannot say that the Arkansas courts acted improperly in refusing to grant a new trial on the basis of this allegation.

■ The Arkansas trial court held another evidentiary hearing in May of 1972, at which McDonald claimed that two jurors had improperly communicated about the trial with a nonjuror during a trial recess. This contention was first raised in an anonymous letter to the editor of an Arkansas newspaper about six months after the trial, and the author of the letter testified at the evidentiary hearing. In addition, one of the jurors accused of the communication

testified and denied that it took place. After hearing the evidence, the trial court rejected the claim and denied the motion for· a new trial. The Supreme Court affirmed the denial noting that the allegation was "flimsy and inconclusive." *Id.* We agree and accordingly refuse to reverse the District Court's refusal to grant habeas corpus relief on this allegation. *See,* Parrott v. State of Arkansas, 497 F.2d 1123 (8th Cir., 1974).

■ In the District Court, McDonald alleged for the first time that additional "newly discovered evidence" entitled him to a new trial. Three persons testified as to the victim's morals and reputation for truth and veracity at the evidentiary hearing held in the District Court. The primary thrust of this testimony was that the victim had an affair with a young man subsequent to the time of McDonald's conviction. It was offered in support of McDonald's theory of defense at trial that the victim had consented to intercourse and had not been raped. We agree with the District Court's determination that this "newly discovered evidence" does not provide a ground for relief on federal habeas corpus. *See,* Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ (3) *The thirty-year sentence imposed by the trial court violated the constitutional prohibitions against cruel and unusual punishment.* We find no merit to this contention. McDonald was convicted of forcibly raping the victim at knife point; and under all the circumstances, we cannot say that the sentence imposed constituted cruel and unusual punishment. *See,* Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968).

■ (4) *The trial court erred in trying McDonald while he was unshaven and his hair very long.* This contention is also without merit. McDonald had long hair at the time he was arrested,

and no request for a shave or haircut was made at or before trial. There is no showing that anyone other than McDonald himself was responsible for his lack of grooming or that he was prejudiced by it.

■ (5) *The use of an information rather than a grand jury indictment violated McDonald's constitutional rights.* We find no merit in this contention. The Constitution of the State of Arkansas provides that:

All offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney.

Ark.Const. Amend. 21.

This procedure has been held constitutional on a number of occasions. *See, e. g.,* Moore v. Henslee, 276 F.2d 876, 878 (8th Cir. 1960).

■ (6) *The trial court refused to dismiss McDonald's appointed counsel and grant a continuance of his trial.* We are satisfied that these actions of the trial court were not error entitling McDonald to federal habeas corpus relief. Counsel was appointed to represent McDonald in August of 1971. The trial date of November 22, 1971, was set by the court on November 1, 1971. On the date the trial commenced, McDonald advised the court in chambers that he desired to dismiss his counsel—apparently because his counsel had recommended plea negotiations. The court refused to dismiss his counsel but appointed a second attorney to assist in the defense. McDonald also informed the court that he wanted his brother in Germany to testify, and that the brother told him the victim was an "easy touch."

It appears that the brother learned this information by way of rumor, rather than from personal knowledge. The court refused to grant a continuance of the trial to allow the brother to return to testify. In doing so, the court noted that the trial date had been set for over three weeks which gave the brother time to get to the trial, and that the court was without power to subpoena him in Germany. Both these refusals of the trial court involved decisions which lie within the discretion of the trial court, and we find no abuse of that discretion here. No question as to effectiveness of counsel is raised here. *See, e. g.,* McQueen v. Swenson, Warden, 498 F.2d 207 (8th Cir. 1974).

■ (7) *McDonald was denied a speedy trial and was held in jail after arrest for an excessive period of time before he was brought before a magistrate.* The substance of the first contention is that a five-month delay between the date of arrest and trial constitutes a denial of the right to a speedy trial. We decline to consider this contention inasmuch as McDonald did not raise it in the District Court.

■ In support of the second contention, McDonald asserts that he was held in jail for seventy-three days after his arrest without being given a "preliminary hearing or arraignment" before a magistrate.[1] He does not allege, however, that he was prejudiced by the delay. Absent such allegation, the District Court properly refused to consider it. *See,* Theriault v. United States, 401 F.2d 79, 86 (8th Cir. 1968), cert. denied, 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1969).

Affirmed.

1. We understand this contention to be that his first appearance before a magistrate did not take place until seventy-three days after his arrest and that the use of the term "preliminary hearing or arraignment" was merely descriptive of that appearance.