# DAVID HERBERT RENSHAW v. STATE OF MARYLAND

[No. 610, September Term, 1974.]

*Decided March 17, 1975.*

The cause was argued before POWERS and LOWE, JJ., and JOHN C. ELDRIDGE, Associate Judge of the Court of Appeals, specially assigned.

*H. Michael Hickson, Assigned Public Defender*, for appellant.

*Alexander L. Cummings, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Donaldson C. Cole, Jr., State's Attorney for Cecil County*, on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

There is an increasing number of disturbing cases where a defendant's right to representation by counsel appears to be manipulated as a stratagem to induce reversible error.[1] After counsel has been appointed to defend him, the indigent awaits the day of trial before discharging that counsel in open court. Thereupon he prevails upon the court to appoint new counsel or continue the case to permit obtention of new counsel privately or through the Public Defender's office.

The trial judge, often with a jury empanelled, is caught between the Charybdis of *Gideon v. Wainwright*, 372 U. S. 335, requiring counsel for indigent defendants and the Scylla of *Conway v. State*, 15 Md. App. 198, 223, *cert. denied*, 266 Md. 735; 413 U. S. 920, wherein we held that right did not mean the indigent could pick and choose. With a jury in the box, witnesses subpoenaed and both sides prepared for trial the court will frequently deny the continuance and proceed with the case.

Such were the facts when David Herbert Renshaw was brought before the Circuit Court for Cecil County and called to account on charges of escape and assault and battery. When the case was called the defense attorney advised the judge:

> " . . . Mr. Renshaw advised me this morning, first of all, he doesn't feel that I have properly advised him of his pre-trial rights. He wants a change of venue. He said that he also wants to plead guilty by reason of insanity—
>
> THE COURT: Not guilty?
>
> MR. BATHON: Not guilty, beg your pardon. Thank you for the correction. And also he would like to have new counsel appointed this morning. I advised you of those in chambers. I am quite upset

---

1. Parenthetically, these cases seem to originate with those who have experienced previous incarceration wherein procedural tactics are discussed among the inmates. The more seasoned associates teach the cat the way to the churn.

about it because it is the first indication I have had of any dissatisfaction was this morning when I walked into the Bar Library."

After considerable deliberation the judge decided to deny the continuance and declined to "appoint new counsel." He told appellant that:

" . . . What the Court will do is have Mr. Bathon stand by and you, if you desire to make any use of Mr. Bathon, that is entirely up to you. You do not have to use him. You can conduct your own case if you would like. We certainly are not forcing him upon you, but he will be available if you need him for anything and if you do not need him for anything, please just disregard his presence."

The court assisted by advising appellant on procedural matters including striking the jury, after which the State's Attorney delivered his opening statement. When Mr. Bathon, discharged by appellant, asked appellant in open court if he desired him "to make an opening statement" on his behalf the judge said:

"Gentlemen, come up a minute with the Reporter."

Out of the presence of the jury, he said:

"Gentlemen, Mr. Bathon, I realize what an awkward position you are in and I will explain to the Jury after the case is all over that Mr. Renshaw has elected to proceed without your help. But, if I were you, I would not do anything unless Mr. Renshaw asks you to do it. I will try to advise you from time to time, Mr. Renshaw, what I think might be or would be appropriate that would be helpful to you, but I do not want to in any way force Mr. Bathon upon you.

All right. Thank you.

MR. BATHON: Your Honor, will you also advise him that he has the right to cross examine each witness?

THE COURT: Yes. Let me say that now.

I will cover some of your rights with you so that you are aware of them. Or even if you are aware of them, I will make the record show that you are aware of them.

One is that as the State calls witnesses, you have a right to cross examine them and ask them questions. Then when they finish you have a right to produce witnesses yourself and you also have a right to testify yourself if you want to; however, you do not have to testify. And the fact that you do not testify would be no inference by itself that you were guilty. The State has to prove it's case; it is not up to you to prove that you are innocent. So, for that reason, you do not have to testify unless you want to.

If there are other things that I think would be helpful to you as we go along, I will explain them to you. On the other hand I do not want to do anything to in any way harm your case. So you are here to get a fair trial and as good a trial as we can give you."

While the court acted with commendable motives in its attempt to see that all of the rights of a defendant were protected, its resolution of the counsel dilemma squarely contravened Md. Rule 719 c.

Md. Rule 719 c has been effective now for two and one-half years. It reads:

"If, at any stage of the proceeding, an accused indicates a desire or inclination to waive representation, the court shall not permit such a waiver unless it determines, after appropriate questioning in open court, that the accused fully comprehends: (i) the nature of the charges and any lesser-included offenses, the range of allowable punishments, and that counsel may be of assistance to him in determining whether there may be

> defenses to the charges or circumstances in mitigation thereof; (ii) that the right to counsel includes the right to the prompt assignment of an attorney, without charge to the accused, if he is financially unable to obtain private counsel; (iii) that even if the accused intends to plead guilty, counsel may be of substantial value in developing and presenting material which could affect the sentence; and (iv) that among the accused's rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of the charges beyond a reasonable doubt."

That language is unequivocal and leaves little room for interpretation. To emphasize the importance of strict compliance the Court of Appeals added subsection (f) to that rule stating that:

> "The docket entries or transcript shall affirmatively show compliance with this Rule."

Since the adoption of Md. Rule 719 c effective June 1, 1972 we have on at least two occasions emphasized that the requirements are mandatory. *State v. Digges*, No. 772, S.T. 1974 (Ct. Spec. App., filed: February 20, 1975) and *Taylor v. State*, 20 Md. App. 404. We thought it clear from the rules, if not spelled out in painstaking detail, that the court must "determine . . . that the accused fully comprehends . . ." each of the rights and consequences delineated in the rule.

Under the circumstances then, it is apparent to us and should have been made apparent to appellant, that his right to counsel as an indigent is limited to the attorney appointed by the Public Defender, *Conway, supra;* that since he cannot afford his own counsel and is not entitled under such circumstances to other publicly provided counsel, the continuance requested was not justified; and, that his adamant rejection of his assigned attorney even when faced with proceeding with the trial, "indicates . . . [an]

inclination to waive representation . . . ." Forthwith the court should then have recited the litany either by reading the rubrics or fully explaining the substance of the rule. However accomplished, the court must *determine that the accused fully comprehended* and the record must so reflect. Md. Rule 719 f. Only then may the trial proceed.

Compliance with procedural safeguards mandated by our Legislature and appellate courts may at times appear onerous, but if rights constitutionally guaranteed us are to have meaning they must not only be available, they must be recognized and understood. The Maryland Rules of Procedure were not hastily devised but are rather the result of a great deal of study and deliberation, both by the committee which framed them and the Court which adopted them. These rules have been founded not solely upon a fetish for standardized procedure, but more often than not, good common sense. Here for example, even the most seasoned trial judge without a script to follow may overlook essential rights when informing an accused. The use of the procedural rule's language will allay the chance of oversight and its consequent reversal. At the same time the rule guarantees that every defendant will be aware of his rights and the effect of waiver.

> *Judgments reversed and remanded for retrial.*
> *Costs to be paid by Cecil County.*