# WILLIAM CHRISTOPHER BROWN v. STATE OF MARYLAND

[No. 699, September Term, 1974.]

*Decided June 26, 1975.*

The cause was argued before ORTH, C. J., and MASON, J., and IRVING A. LEVINE, Associate Judge of the Court of Appeals, specially assigned.

*R. Roland Brockmeyer, Assigned Public Defender,* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Robert V. Jones, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, William C. Brown, was convicted at a bench trial in the Circuit Court of Cecil County for the crime

of larceny under $100.00. He was committed to the County Jail for 179 days; sixty days on a live-in, work-out arrangement. The balance of the sentence was suspended.

In seeking a reversal, the appellant contends, *inter alia,* that he was denied his constitutional right to be represented by counsel. To gain perspective, and to assess the force of this contention, a review of the record relating to the issue is required.

On July 10, 1974 the appellant appeared for trial without counsel. The court asked him if he waived counsel and he replied: "I wish to have an attorney." The court then asked the Assistant State's Attorney on what date the appellant was notified of trial. The judge was told that a letter and summons notifying appellant of the scheduled trial date were mailed to him on June 11, 1974. In response to the court's inquiry regarding the appellant's efforts to obtain an attorney, the following colloquy occurred:

"THE DEFENDANT: I started out like the first time I started to get a lawyer, your Honor, I was incarcerated for non-support and I had to pay $300 to get out. And the second time I had to pay $543 to get out and I could not afford it. I couldn't afford it at the time. I just paid $543 July 1st, with an additional $100 traffic violation in Baltimore.

THE COURT: Did you contact the Public Defender concerning a lawyer?

THE DEFENDANT: I contacted him, yes, sir. I contacted him, yes, sir.

THE COURT: You hadn't contacted him prior to yesterday.

THE DEFENDANT: No, sir.

THE COURT: It's my understanding — you called our office yesterday morning and said if the matter were transferred back to the District Court or if you waived the jury trial, the case would go back to District Court. Wasn't that your question? Didn't you ask my secretary that question yesterday morning?

THE DEFENDANT: I asked her if I waived a jury trial would the case go back to the District Court. I did ask her that, yes, sir.

THE COURT: And then when you found that wouldn't happen, you then wanted a postponement, isn't that correct?

THE DEFENDANT: Yes, sir, due to an attorney, yes, sir.

THE COURT: Yes, sir?

MR. JONES [Assistant State's Attorney]: Just a little more light on the attorney situation. On the 25th of April, 1974 I was present and Trooper Langston of the State Police was present before Judge Buck. Judge Buck in detail informed him of his right to an attorney and it is my opinion he prayed a jury trial to postpone it and delay the action. Because that was all right. The trial had been set for the 18th of March and it was postponed until April 25th. Then he shows up again without an attorney on April 25th. Postponement on the 18th of March in order that he might get an attorney and it was rescheduled for April 25, 1974 and he showed up without an attorney and he prayed a jury trial. Judge Buck went through all of the explanation of his rights, is that correct, Mr. Brown?

THE DEFENDANT: No, sir. On the 18th of March they said that that wasn't the trial. They told me that wasn't the trial. And nobody appeared nowhere on the 18th of March.

THE COURT: Then they set it?

THE DEFENDANT: And then they sent me a letter for the 25th of April.

THE COURT: And you appeared that day and without a lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: And you asked for a jury trial that day?

THE DEFENDANT: Yes, sir.

THE COURT: And Judge Buck explained to you about your right to a lawyer?

THE DEFENDANT: He told me I had a right to a lawyer."

The trial judge stated:

"You had all the time in the world to see the Public Defender, if you thought you were unable to hire an attorney or too poor to hire an attorney. You did not see the Public Defender until yesterday, which is probably after you had the conversation with my secretary which I know was around 10 or 11:00 in the morning? We think that this is just a case of your not getting a lawyer and not doing anything about getting a lawyer and the case is now before the Court for the third time. 18th of March, 25th of April and again today.

Now, this is a matter that is said to have happened March 3, 1974 and there is no reason so far as I can see — there is no extra ordinary reason why this case should not go to trial. I base my decision on the recent case of G-U-A-R-N-E-R-A vs. State, decided April 17, 1974 by the Court of Special Appeals, where they affirm Judge Watts' failure to grant a postponement under somewhat identical circumstances. Based on the reasoning in that case I hold that there is no extra ordinary cause for this, for postponing this case and I am the Administrative Judge of this County with the power to make this decision and I do make it and the matter will go to trial.

Now, call a witness."

The record reveals the appellant was forced to go to trial without counsel because he did not show, to the satisfaction of the court, the extraordinary cause necessary to justify postponing the case under Md. Ann. Code art. 27, § 591, and *Guarnera v. State,* 20 Md. App. 562, 318 A. 2d 243 (1974).

Section 591 (a) of art. 27, reads as follows:

"Within two weeks after the arraignment of a
person accused of a criminal offense, or within two
weeks after the filing of an appearance of counsel
or the appointment of counsel for an accused in any
criminal matter, whichever shall occur first, a
judge or other designated official of the Circuit
Court or the Criminal Court of Baltimore City in
which the matter is pending, shall set a date for the
trial of the case, which date shall be not later than
six months from the date of the arraignment of
the person accused or the appearance or the
appointment of counsel for the accused whichever
occurs first. The date established for the trial of
the matter shall not be postponed except for
extraordinary cause shown by the moving party
and only with the permission of the administrative
judge of the court where the matter is pending."

A careful examination of the statute makes clear it is
applicable to cases pending in the county Circuit Courts and
the Criminal Court of Baltimore. The statute is not
applicable to District Court proceedings. Furthermore, the
statute is applicable only when the accused has been
arraigned in the county Circuit Court or the Criminal Court
of Baltimore, as the case may be, or where counsel has been
appointed, or has filed an appearance in any of these courts.

The instant case was transferred from the District Court
to the Circuit Court. At the time of trial the appellant had
not been arraigned in the Circuit Court, nor had counsel
been appointed or filed an appearance in the Circuit Court.
Therefore, in the absence of an arraignment or appointment
of counsel, or the filing of an appearance by counsel in the
Circuit Court, the present case does not come within the
parameters of the statute. *Guarnera, supra,* is inapposite
because there, the defendant was arraigned two months
before trial, in the Criminal Court of Baltimore, and his
appointed counsel filed an appearance in that court four
months before trial.

In cases such as this, that do not come within the ambit of the statute, the trial court still retains the authority it had prior to enactment of the statute, *i.e.*, to grant or deny a continuance within its sound discretion. *Jennings v. State*, 8 Md. App. 321, 323, 259 A. 2d 547, 549 (1969). However, in view of the posture of the record in this case, we hold the trial court, in requiring the appellant to stand trial without the assistance of counsel, abused its discretion.

We are not unmindful of the fact that many defendants, for surface or hidden reasons, use every artifice or stratagem to unduly delay going to trial. Nevertheless, the orderly and efficient administration of the court system, and the praiseworthy purpose of prompt and expeditious trials of criminal cases, cannot outweigh the constitutional right of the appellant to be represented by counsel. These are not incompatible goals, and both can be accomplished within the framework of the statute and Md. Rule 719 which provides for the appointment of counsel. This Rule reads in pertinent part, as follows:

> "b. *Appointment of Counsel.*
>
> 2. When Required — Conditions.
>
> Unless the accused waives his right to be represented by counsel or is financially able to obtain counsel, *the court shall request the Office of the Public Defender to designate or appoint counsel to represent the accused. . . .*
>
> 3. Appointment by Court.
>
> In a case in which the court has authority to appoint counsel under the provisions of Code, article 27A (Public Defender) —
>
> > (i) The court shall determine the eligibility of the accused for appointed counsel under the provisions of the Code, article 27A (Public Defender) § 2 (f) and § 7.
> >
> > (ii) The court shall include in the record a statement of the reasons why counsel was not appointed whenever it has been

determined that an accused was ineligible for appointed counsel." (Emphasis supplied).

That the requirements of Rule 719 are mandatory is well settled. *Manning v. State,* 237 Md. 349, 353, 206 A. 2d 563, 565 (1965); *Taylor v. State,* 20 Md. App. 404, 411, 316 A. 2d 296, 299 (1974). There was, in this case, no compliance with the above quoted provisions of the Rule.

There is nothing in the record to suggest or intimate that the appellant either by word or by conduct waived his right to counsel. On the contrary, he explicitly and unequivocally stated "I wish an attorney." The fact that the appellant was advised of his right to counsel by the judge of the District Court, or that the appellant may have had ample time to obtain counsel, did not constitute a waiver of counsel by conduct. There is nothing in the record to show that the appellant could afford counsel or that he had ever been directed to report to the Office of the Public Defender for appointment of counsel. Admittedly, the appellant reported to the Public Defender the day before trial, but the record neither reflects nor emits any light on the question of his eligibility for appointed counsel. Therefore, prior to requiring the appellant to stand trial without the assistance of counsel, a determination as to the appellant's financial ability, *vel non,* to obtain counsel should have been made by the court or the Office of the Public Defender. *Bruce v. State,* 26 Md. App. 683, 338 A. 2d 316 (1975). Such a determination cannot be presumed. *Montgomery v. Warden,* 1 Md. App. 30, 37, 226 A. 2d 687, 691 (1967).

Moreover, if the appellant could not afford counsel, the court should have requested the Office of the Public Defender to appoint counsel. Md. Rule 719 b 2. The appellant was not required, *sua sponte,* to contact or seek out the Public Defender even if he thought "he was too poor to hire an attorney."

Finally, if the trial court believed appellant was ineligible for appointed counsel, such belief should have been affirmatively reflected in the record. Md. Rule 719 b 3 (i), (ii).

Since this case must be reversed, it is not necessary to consider the other issues raised by the appellant.

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by Cecil County.*