# STEPHEN F. CALLAHAN *v.* STATE OF MARYLAND

[No. 352, September Term, 1975.]

*Decided March 26, 1976.*

The cause was argued before POWERS, MOORE and LOWE, JJ.

*Eugene M. Lerner, Assigned Public Defender,* for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County* and *Gerald K. Anders, Deputy State's Attorney for Anne Arundel County* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

This is an appeal by Stephen F. Callahan from judgments of conviction entered in the Circuit Court for Anne Arundel County upon acceptance of his tendered pleas of guilty to possession of marihuana in sufficient quantity to indicate an intent to distribute, and to breaking a storehouse with intent to commit a misdemeanor therein. He was sentenced to a term of three years for possession of marihuana, and to a concurrent term of 18 months for storehouse breaking. The sentence for storehouse breaking included an order that the appellant make restitution to the victim in the amount of $3,100 within five years from the date of his release.

Because they are not otherwise reflected in the record, we deem it appropriate to note here two requests which were made in this Court on behalf of the appellant on the day of argument. Upon completion of argument in the case scheduled next ahead of this case, the Clerk informed the Court that appellant's counsel wished to be heard on a preliminary matter. We recognized counsel, who informed the Court that Mr. Callahan was present and desired to participate in the argument of his appeal. After a recess, we

denied that request. Appellant and his counsel conferred briefly, whereupon counsel requested leave to withdraw from the case, so that appellant, then being without counsel, might argue his case in proper person. We declined to permit counsel to withdraw. Counsel proceeded to argue the points raised in the brief.

Because the requests we have just noted involve procedure in this Court, they could not have been raised and decided in the lower court. If Rule 1085 precluded our consideration of them, their merit or lack of merit could never be decided. We have already ruled. We now explain.

The two questions are quite distinct. One is whether a person may waive counsel and argue his own case on appeal. The other is whether a person may participate in appellate argument as his own co-counsel.

## May An Appellant Waive Counsel And Argue His Own Case On Appeal

The Sixth Amendment right to counsel *at the trial level* in all but petty offenses is now well recognized. The right to forego representation by counsel at trial has received less prominent attention. An exhaustive review of the decisions, as well as of relevant Federal and State constitutional and statutory provisions, may be found in the opinion by Mr. Justice Stewart for the majority of the Supreme Court in *Faretta v. California*, 422 U. S. 806, 45 L.Ed.2d. 562, 95 S. Ct. 2525 (1975). So far as the right to have counsel or to forego counsel is protected or guaranteed by the United States Constitution, it flows from the Sixth Amendment. In *Faretta* the Supreme Court said, at 819:

> "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be 'informed of the nature and cause of the accusation,' who must be 'confronted with the witnesses against him,' and who must be accorded 'compulsory process for obtaining witnesses in his

favor.' Although not stated in the Amendment in so many words, the right to self-representation — to make one's own defense personally — is thus necessarily implied by the structure of the Amendment."

The practical consequences of foregoing the right to counsel were discussed by the Court. It said, at 835:

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. *Johnson v. Zerbst,* 304 U.S., at 464-465. Cf. *Von Moltke v. Gillies,* 332 U.S. 708, 723-724 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams v. United States ex rel. McCann,* 317 U.S., at 279."

The Supreme Court reversed the conviction of Faretta. It said that the record affirmatively showed that he was "literate, competent, and understanding, and that he was voluntarily exercising his informed free will." The Court held that "[i]n forcing Faretta, under these circumstances, to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense."

Despite recognition of the constitutional right of an accused to conduct his own defense, the courts remain alert to the requirement that a waiver of the right to counsel be shown on the record to be a knowing and intelligent one. Maryland Rule 719 provides that the trial court shall not

permit a waiver of representation unless it determines, after appropriate questioning in open court, that the accused fully comprehends the factors set forth in § c of the Rule. An affirmative showing of compliance is required by § f. In *Hamilton v. State,* 30 Md. App. 202, 351 A. 2d 153 (1976), we discussed *Faretta* and Rule 719 in reversing a conviction because the record failed to show a knowing and intelligent waiver by the accused of his right to counsel.

We have shown the jealousy with which the courts protect the right of an accused to the assistance of counsel *at his trial,* and the correlative right to conduct his own defense at his trial, in order to point up the different rule which applies at the appellate level. Although the Supreme Court held almost three decades ago in *Price v. Johnston,* 334 U. S. 266, 92 L. Ed. 1356, 68 S. Ct. 1049 (1948), that a United States Court of Appeals has the power to issue an order in the nature of a writ of habeas corpus commanding that a prisoner be brought to the courtroom to argue his own appeal, the Court emphasized that such power was discretionary. It said, at 285:

> "The discretionary nature of the power in question grows out of the fact that a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. Schwab v. Berggren, [143 U. S. 442, 36 L. Ed. 218, 12 S. Ct. 525,] supra. The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution, see Hopt v. Utah, 110 U. S. 574, [28 L. Ed. 262, 4 S. Ct. 202,] and Snyder v. Massachusetts, 291 U. S. 97, [78 L. Ed. 674, 54 S. Ct. 330, 90 A.L.R. 575,] and to his recognized privilege of conducting his own defense at the trial."

The ensuing comment by the Court suggests that the fact of incarceration brings about the withdrawal or limitation of many privileges and rights, but the Court did not hold that the action of the court is any less discretionary when the accused is at liberty. And with no reference to the status of

the person, whether imprisoned or at liberty, the Supreme Court said, in *Faretta, supra,* at 816:

> "And in *Price v. Johnston,* 334 U. S. 266, the Court, in holding that a convicted person had no absolute right to argue his own appeal, said this holding was in 'sharp contrast' to his 'recognized privilege of conducting his own defense at the trial.' "

We conclude that the question of whether an appellant may waive counsel and argue his own case on appeal involves no matter of right, but is addressed to the discretion of the appellate court.

### May An Appellant Participate As Co-counsel In The Argument Of His Appeal

The other question — whether a person may participate as his own co-counsel, sometimes referred to as hybrid representation — has been held with respect to the trial level, to be in the discretion of the trial judge, and not a matter of right.

Both the Court of Appeals of Maryland and this Court have so held. In *Strosnider v. Warden,* 245 Md. 692, 226 A. 2d 545 (1967), an appeal from a denial of post conviction relief, the Court of Appeals said, at 695-96:

> "Courts in this country are in almost unanimous agreement that where a party is represented by counsel, he is not entitled, 'as a matter of right' to examine witnesses or otherwise participate in the conduct of his trial. See cases cited, Annotation, 77 A.L.R.2d 1233, 1241-46. The matter is within the discretion of the judge, and we perceive no abuse of that discretion in this case."

We said the same thing in *Shelton v. State,* 3 Md. App. 394, 401, 239 A. 2d 610 (1968). In *Conway v. State,* 15 Md. App. 198, 289 A. 2d 862 (1972), we said, at 222:

> "There is no requirement in Maryland law that an

accused, represented by counsel, be entitled 'as a matter of right' to actively participate in his trial."

The Federal courts take the same view. Dealing with a contention that a request for hybrid representation denied by the trial judge found support in the Sixth Amendment's interpretation in *Faretta v. California, supra,* the U. S. Court of Appeals for the Tenth Circuit said very recently, in *United States v. Hill,* 526 F. 2d 1019 (1975), at 1024-25:

"Prior to *Faretta,* courts had stated that a party had a right to represent himself or to be represented by counsel but did not have a right to hybrid representation. *Lee v. Alabama,* 406 F.2d 466 (5th Cir. 1968), *cert. denied,* 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1960); *Braisier v. Jeary,* 256 F.2d 474 (8th Cir.), *cert. denied,* 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958) (a civil case); *Duke v. United States,* 255 F.2d 721 (9th Cir.), *cert. denied,* 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365 (1958). *See also United States v. Dellinger,* 472 F.2d 340 (7th Cir. 1972), *cert. denied,* 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973); *United States v. Conder,* 423 F.2d 904 (6th Cir.), *cert. denied,* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970); *Shelton v. United States,* 205 F.2d 806 (5th Cir.), *appeal dismissed,* 346 U.S. 892, 74 S.Ct. 230, 98 L.Ed. 395 (1953). Since *Faretta,* at least one district court has determined that a criminal defendant already represented by counsel has no right to act as her own co-counsel. *United States v. Swinton,* 400 F.Supp. 805 (S.D.N.Y. 1975). These decisions do not foreclose a trial judge from allowing hybrid representation in appropriate cases; rather, they indicate no right to hybrid representation exists. *Brazier v. Jeary, supra; United States v. Swinton, supra.* Furthermore, we see no reason to distinguish between this case where retained counsel is involved in the request for hybrid representation and cases where appointed counsel is involved in such requests. *See Duke v. United States, supra.*

"We believe *Faretta* does not alter the established rules concerning hybrid representation. As noted in *Swinton*,

> ... Faretta ratified a consensus within the federal judiciary favoring a constitutional right to *pro se* status; that consensus has existed side by side with another finding that a defendant's appearance as co-counsel lies within the discretion of the trial court.

The Sixth Admendment does not give any indication that hybrid representation is a right of constitutional dimensions."

We have seen no case dealing with a request for hybrid representation on appeal. We conclude, however, that such a question which is discretionary at the trial level is surely no less discretionary at the appellate level.

### Argument By An Appellant Is Not A Matter Of Right But Is In The Discretion Of The Court

We see the requests made orally to this Court on behalf of the appellant — that he be permitted to argue or to participate in the argument of his appeal — as invoking no right accorded to him by any constitutional or statutory provision or by any recognized practice.

The requests were directed to our discretion. In the exercise of that discretion under the circumstances, we denied the requests.[1]

### The Merits Of The Present Appeal

The contentions briefed and argued on behalf of the appellant have little if any merit — indeed, some of them approach the frivolous.

When the cases were called for trial in the Circuit Court for Anne Arundel County the Deputy State's Attorney, Mr.

---

1. Maryland Rule 1005 provides no guidance on the questions involved here.

Anders, informed Judge Walter E. Buck, Jr. that the State had entered into plea discussions with the defendant, through his counsel, Mr. Hertz. Mr. Anders explained to the court the bargain which had been reached. Callahan would plead guilty to both charges. The State would recommend concurrent sentences of three years and 18 months, and an order for restitution of $3,100 stolen from the restaurant which had been broken into. Mr. Anders said that if the court chose to order a pre-sentence investigation the State would be agreeable to the defendant's being on bond until it was completed. It was noted that the $3,100 stolen consisted of $2,600 in currency and $500 in checks. The factual basis was shown as to each of the charges.

The record establishes that appellant was fully advised of his rights, and of the consequences of his guilty pleas. It is clear that the pleas were voluntary, and were knowingly and intelligently made. *Miller v. Warden,* 16 Md. App. 614, 299 A. 2d 862 (1973).

Judge Buck accepted the pleas of guilty. He said that in the absence of the State's recommendation he would impose a longer sentence, but that he would follow that recommendation. He commented further that a pre-sentence investigation would merely involve unnecessary delay, because under no circumstances would he impose a lesser sentence. He proceeded to impose the sentences as recommended, including the order for restitution, which is required by Code, Art. 27, § 342.

Appellant argues that he was prejudiced by the failure of the court to obtain a pre-sentence investigation, and because such a report was not obtained, the State failed to fulfill the plea bargain. The extent of the bargain was that the State would be agreeable to the defendant's being on bond *if* the court chose to order an investigation. Whether to order such an investigation is in the discretion of the court. *Turner v. State,* 5 Md. App. 584, 593, 248 A. 2d 801 (1968); Maryland Rule 761 c.

Appellant alleges here that he was coerced into pleading guilty because of some question about a Federal detainer. The allegation is a bald one, and utterly without merit.

He contends also that he should not be required to make restitution, because the money was not found on him when he was apprehended. Restitution was part of the bargain to which appellant agreed. The punishment for the crime to which he pleaded guilty includes the requirement that he "shall restore the goods and chattels so stolen, or pay the full value thereof to the owner." We would suppose that if the money had been recovered, restitution would already have been accomplished. He contends also that restitution should not extend to the $500 in checks. No facts were developed below concerning the value of the checks, because the agreed bargain extended to the full amount. If that part of the sentence would accomplish an injustice, the court has power to modify it. Rule 764 b 1.

*Judgments affirmed.*