MELVIN BRUCE WRIGHT *v.* STATE OF MARYLAND

[No. 398, September Term, 1975.]

*Decided June 16, 1976.*

The cause was argued before MOYLAN, DAVIDSON and MASON, JJ.

*Frank Cannizzaro, Jr., Assigned Public Defender,* for appellant.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Bernard*

*Kole, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court. MOYLAN, J., dissents and filed a dissenting opinion at page 65 *infra.*

The appellant, Melvin Bruce Wright, was convicted by a jury in the Criminal Court of Baltimore of murder in the first degree. He was sentenced to a term of life imprisonment. Neither the corpus delicti nor the criminal agency of the appellant is in dispute. Both are amply supported by the evidence. The appellant's principal assignment of error is that the trial court did not comply with Maryland Rule 719c.[1]

The record discloses that the appellant was represented by counsel from the Office of the Public Defender for three days during pre-trial motions and two days during the trial. After the State had completed its case in chief and the appellant's motion for a judgment of acquittal was denied, the appellant requested a change of counsel. When questioned regarding the reason for the requested change, the appellant responded "that things is happening that I should know about", apparently referring to the bench

---

1. Maryland Rule 719c provides:

If, at any stage of the proceeding, an accused indicates a desire or inclination to waive representation, the court shall not permit such a waiver unless it determines, after appropriate questioning in open court, that the accused fully comprehends: (i) the nature of the charges and any lesser-included offenses, the range of allowable punishments, and that counsel may be of assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof; (ii) that the right to counsel includes the right to the prompt assignment of an attorney, without charge to the accused, if he is financially unable to obtain private counsel; (iii) that even if the accused intends to plead guilty, counsel may be of substantial value in developing and presenting material which could affect the sentence; and (iv) that among the accused's rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of the charges beyond a reasonable doubt.

conference where his motion for a judgment of acquittal was denied.

After adequately exploring the appellant's source of dissatisfaction with assigned counsel, the trial court determined the appellant did not have sufficient cause for substitution of counsel. The request for change of counsel was denied and the appellant was given the option of proceeding with assigned counsel or representing himself. The court advised the appellant that if he elected to represent himself, assigned counsel would sit at the trial table and assist in his defense, if requested.

The appellant immediately asked for a postponement and stated, "I am going to represent myself and I want to study that which I have not had time to study until this time." His request was denied and the appellant was directed to call his witnesses. Several witnesses who had already testified and had been excused were called by the appellant, but none responded. The appellant's motion to continue the trial until these witnesses could be called was also denied. Whereupon the appellant, with some assistance from assigned counsel, proceeded to represent himself for the remainder of the trial by conducting the examination of two defense witnesses and making the closing argument to the jury.

The issue in this case is not whether the trial court was correct, as urged by the State, in denying the appellant's request for a continuance to obtain different counsel. As we see it, the narrow issue is whether the appellant waived his constitutional right to assistance of counsel.

It is fundamental that in the absence of a specific and substantial reason for substitution of counsel, the question of whether to permit a change in counsel is a matter committed to the sound discretion of the trial court. *McDonald v. Arkansas*, 501 F. 2d 385 (8th Cir. 1974), *cert. denied*, 419 U. S. 1004, 95 S. Ct. 325, 42 L.Ed.2d 280 (1974); *United States v. Young*, 482 F. 2d 993 (5th Cir. 1973). *cf. Conway v. State*, 15 Md. App. 198, 289 A. 2d 862 (1972), *cert. denied*, 413 U. S. 920 (1973); *English v. State*, 8 Md. App. 330, 259 A. 2d 822 (1969). Here, the appellant's

eleventh hour request for different counsel for a vague and insubstantial reason was properly denied.

In *State v. Renshaw*, 276 Md. 259, 347 A. 2d 219 (1975), the Court of Appeals held that a request for different counsel is not a waiver of the constitutional right to assistance of counsel. In that case, prior to commencement of trial, the accused requested appointment of different counsel, which was denied. The trial court then instructed the accused regarding the procedure of selecting a jury, to which the accused replied:

> I want to remain silent from here on out. As far as I am concerned, I do not feel that I am being helped by Mr. Bathon here . . . as my counsel, and since I do not know the court procedure on anything about selection of jury, I am going to remain silent for whatever happens from here on out.

The defendant's request for change of counsel and his silence were treated by the trial court as a waiver of the right to counsel and an election to proceed in proper person. This court in *Renshaw v. State*, 25 Md. App. 270, 333 A. 2d 363 (1975) held that the appellant's rejection of assigned counsel indicated an inclination to waive representation, and reversed on the basis that the trial judge failed to comply with the requirements of Maryland Rule 719c before permitting the appellant to represent himself. The Court of Appeals, although affirming, said:

> We shall affirm the decision of the Court of Special Appeals, not because we think the trial court erred by allowing appellee to waive his right to counsel without first observing the requirements of Rule 719c, but *because in our opinion he had not waived and was instead denied his constitutional right to counsel. State v. Renshaw, supra,* 276 Md. at 264 (Emphasis supplied).

In the present case when the appellant requested a change of counsel he was given the option of proceeding *pro se* or with assigned counsel. At no time prior to being given this

option did the appellant indicate a desire or inclination to waive counsel or to represent himself. His sole request was for a change of counsel. When this request was denied the appellant reluctantly proceeded in proper person. Therefore, under these circumstances, the appellant's choice to represent himself cannot be construed as a voluntary, intelligent and competent waiver of his right to counsel within the ambit of *Johnson v. Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). Something more than a Hobson's choice [2] is required before the appellant can be said to have voluntarily relinquished his right to counsel. Therefore, we reverse.

Although this appellant may well have intended to exploit the constitutional right to counsel in order to thwart the fair administration of justice, what we said in *Brown v. State*, 27 Md. App. 233, 340 A. 2d 409 (1975) is applicable here:

> We are not unmindful of the fact that many defendants, for surface or hidden reasons, use every artifice or stratagem to unduly delay going to trial. Nevertheless, the orderly and efficient administration of the court system, and the praiseworthy purpose of prompt and expeditious trials of criminal cases, cannot outweigh the constitutional right of the appellant to be represented by counsel. *Id.* at 238.

The fair administration of justice and the appellant's constitutional right to counsel are not incompatible goals; both could have been accomplished in the present case if the trial court, after denying the appellant different counsel, had (1) "ordered counsel to continue to render the fullest possible legal representation under the circumstances, with or without the cooperation of the defendant. . . ." *State v. Renshaw, supra,* 276 Md. at 270, or (2) conducted an inquiry to determine whether the appellant, after indicating he would represent himself, fully comprehended the factors set

---

2. Hobson's choice — An apparent freedom of choice with no real alternative. [After Thomas Hobson (died 1631), English liveryman who required his customers to take the next available horse rather than give them a choice.] American Heritage Dictionary (1973).

forth in Maryland Rule 719c. *Hamilton v. State,* 30 Md. App. 202, 351 A. 2d 153 (1976); *Callahan v. State,* 30 Md. App. 628, 354 A. 2d 191 (1975). After such an inquiry, if the Court were convinced the appellant was aware of the advantages and disadvantages of self-representation and that he knowingly and intelligently waived his right to counsel, the court could have properly permitted the appellant to proceed *pro se. Faretta v. California,* 422 U. S. 806, 45 L.Ed.2d 562, 95 S. Ct. 2525 (1975).

In *State v. Renshaw, supra,* the Court of Appeals held, in effect, that the accused was denied assistance of counsel not because the court failed to observe the requirements of Maryland Rule 719c, but because the appellant never indicated a desire to represent himself and remained silent throughout the trial. Here, the appellant did not remain silent; he expressed a desire to represent himself and did, in fact, conduct his own defense.

Therefore, in view of this factual difference, we conclude that the trial court also erred by allowing the appellant to represent himself without first complying with the procedural safeguards mandated by Maryland Rule 719c.

Upon our independent review of the record, we conclude that the extra-judicial photographic identification procedures used by the police in this case were not so impermissibly suggestive as to lead to a substantial likelihood of irreparable misidentification. *Neil v. Biggers,* 409 U. S. 188, 93 S. Ct. 375, 34 L.Ed.2d 401 (1972); *Dobson v. State,* 24 Md. App. 644, 335 A. 2d 124 (1975).

> *Judgment reversed.*
> *Case remanded for a new trial.*

*Moylan, J., dissenting*:

Respectfully, I dissent. I am afraid that the Sixth Amendment right to counsel, particularly as improved upon by Maryland Rule 719c, has run amok. The historic protection of permitting a man without counsel to be represented was a milestone in the march forward of human liberty. The extension, by virtue of the equal protection

66

clause of the Fourteenth Amendment, of that right to counsel to deserving and needy indigents was also a great leap forward. To permit obstructionist defendants, who have already been provided assistance at public expense, to pervert these guarantees of liberty is to allow a salutary process to pass the point of diminishing returns. Exercising my own independent constitutional judgment, I conclude that the appellant here exercised a voluntary and intelligent waiver under the rigid waiver standards of *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). That strict waiver standard should be enough. If Maryland Rule 719c has imposed a rigid *Miranda v. Arizona* or *Boykin v. Alabama* type of catechism above and beyond *Johnson v. Zerbst* waiver, we will be permitting clever defendants to disrupt the process to no good end. I do not quarrel with the syllogism of the majority opinion in this case. I simply maintain, as one small voice of protest, that if Maryland Rule 719c compels this result, Maryland Rule 719c is an absurdity.