**STATE of Utah, Plaintiff and Respondent,**

v.

**Bojidar G. BAKALOV, Defendant and Petitioner.**

No. 930345.

Supreme Court of Utah.

Oct. 27, 1993.

Jan Graham, Atty. Gen., Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Andrew A. Valdez, Carlos A. Esqueda, Ronald S. Fujino, Salt Lake City, for defendant.

*ORDER*

PER CURIAM:

The issue before us on this petition for certiorari to the Utah Court of Appeals is whether defendant was denied the right to self-representation at his trial for the crime of rape. The opinion of the court of appeals can be found in *State v. Bakalov,* 849 P.2d 629 (Utah Ct.App.1993). Judge Jackson found no error and would have affirmed the conviction. Judge Orme would have remanded the case to allow the trial court to enter findings, post hoc, on whether defendant knowingly and intelligently waived his right to assistance of counsel. Judge Greenwood, writing the lead opinion, would have reversed and remanded the case for a new trial but reluctantly joined Judge Orme because she considered his choice more palatable than the affirmance favored by Judge Jackson. We conclude that Judge Greenwood's ruling to reverse and remand for a new trial was legally correct. By this order, we grant defendant's petition for certiorari but require no further briefing by the parties.

Precedent is clear. Defendants who knowingly and intelligently waive their right to assistance of counsel must be allowed to conduct their own defense. The case is remanded to the court of appeals for the reasons relied on by Judge Greenwood:

> The circumstances existing prior to Dr. Bakalov's trial cannot be recreated. ... [T]he trial court never advised Dr. Bakalov of the dangers and disadvantages of self-representation and thus could not then or now assess his responses to that advice.

*Bakalov,* 849 P.2d at 637.[1] Compare *State v. Ramirez,* 817 P.2d 774 (Utah 1991), where this court stated:

> To ask the trial court to address the admissibility question now would be to tempt it to reach a post hoc rationalization for the admission of this pivotal evidence. Such a mode of proceeding holds too much potential for abuse. The only fair way to proceed is to vacate defendant's conviction and remand the matter for retrial.

*Id.* at 789. The court of appeals is directed to remand the case to the trial court for a new trial with the following instructions: We hold that the trial court applied the wrong legal standard in predicating Dr. Bakalov's right to self-representation on his best interests and his technical ability to manage his own defense. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). That error was not harmless. The case is reversed and remanded for a new trial at which Dr. Bakalov may exercise his constitutional right to represent himself if he voluntarily, knowingly, and intelligently chooses to do so. The trial court is directed to conduct a colloquy on the record between the court and Dr. Bakalov to insure that he understands the risks of self-representation and thereby waives his constitutional right to assistance of counsel. The court is also urged to appoint standby counsel to preserve Dr. Bakalov's right to self-representation and to preclude subsequent claims of lack of waiver or ineffective assistance of counsel.

---

1. Judge Greenwood noted that the trial court had used the wrong legal standard when it concluded that defendant's best interests would not be served by self-representation. 849 P.2d at 629.