**STATE of Utah, Plaintiff and Appellee,**

v.

**Bojidar G. BAKALOV, Defendant and Appellant.**

**No. 910649–CA.**

Court of Appeals of Utah.

Dec. 14, 1993.

Ronald S. Fujino, Andrew A. Valdez, Carlos A. Esqueda, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

### ORDER

The Court of Appeals entered an opinion herein on 17 March 1993, 849 P.2d 629. Thereafter, appellant filed a petition for writ of certiorari in the Utah Supreme Court.

By order dated 27 October 1993, 862 P.2d 1354, the Supreme Court both granted appellant's petition and remanded the case to the Utah Court of Appeals with the following instructions:

The court of appeals is directed to remand the case to the trial court for a new trial with the following instructions: We hold that the trial court applied the wrong legal standard in predicating Dr. Bakalov's right to self-representation on his best interests and his technical ability to manage his own defense. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). That error was not harmless. The case is reversed and remanded for a new trial at which Dr. Bakalov may exercise his constitutional right to represent himself if he voluntarily, knowingly, and intelligently chooses to do so. The trial court is directed to conduct a colloquy on the record between the court and Dr. Bakalov to insure that he understands the risks of self-representation and thereby waives his constitutional right to assistance of counsel. The Court is also urged to appoint standby counsel to preserve Dr. Bakalov's right to self-representation and to preclude subsequent claims of lack of waiver or ineffective assistance of counsel.

Now therefore, IT IS HEREBY ORDERED that the matter is remanded to the Third Judicial District Court to proceed in accordance with the order of the Utah Supreme Court.

BY THE COURT:

/s/ Gregory K. Orme

Gregory K. Orme, Judge