MORTENSEN, Judge (concurring):
 

 ¶21 I completely concur in the majority opinion. I write separately only to suggest a
 mechanism whereby the expectations between a pro se defendant and appointed standby counsel can be addressed and more clearly establish whether a voluntary and knowing waiver of counsel has occurred. To be sure, the appointment of standby counsel can introduce an element of uncertainty for appointed counsel in gauging the extent to which counsel can comfortably interject herself into the proceedings. At the same time, unrealistic expectations of a pro se defendant may arise when the function and role of standby counsel is not clear. Accordingly, where standby counsel is appointed, the trial court should strongly consider entering a formal order outlining the parameters of the expected representation.
 

 ¶22 As the majority opinion acknowledges, our supreme court, in
 
 State v. Frampton
 
 ,
 
 737 P.2d 183
 
 (Utah 1987), addressed the implications inherent in respecting an accused's right to conduct her own defense. In
 
 Frampton
 
 , the court affirmed the convictions of a defendant who had represented himself and concluded that the defendant had knowingly and voluntarily waived his right to counsel. In reaching this conclusion, the court painstakingly reviewed the record in order to verify that the defendant's waiver of his Sixth Amendment right to counsel had been knowingly, intelligently, and voluntarily made.
 
 Id
 
 . at 187-89. However, the court in
 
 Frampton
 
 also noted that generally ascertaining that a defendant is knowingly, intelligently, and voluntarily waiving his right to counsel "can only be elicited after penetrating questioning by the trial court."
 
 Id
 
 . at 187. Indeed, our supreme court pointed trial courts to a scripted colloquy from the Bench Book for United States District Court Judges, outlining questions which might be asked to verify that a defendant understands the significant right being waived and how that waiver might be applied in the real-world setting of a trial court.
 
 Id
 
 . at 187 n.12. Similarly, when appointing standby counsel, trial courts would do well to enter a formal order appointing standby counsel.
 
 See
 

 Arkansas v. Robbins
 
 ,
 
 335 Ark. 380
 
 ,
 
 985 S.W.2d 293
 
 , 294 (1998) (noting that the trial court appointed standby counsel "with specific instructions as to their duties in that role");
 
 New Mexico v. Vincent
 
 ,
 
 137 N.M. 462
 
 ,
 
 112 P.3d 1119
 
 , 1125 (App. 2005) (affirming where the trial court explained that standby counsel "is just there to answer questions that [the defendant] might have and not [to] keep [defendant] from making a mistake").
 

 ¶23 In another example, our supreme court remanded a case to the trial court to conduct a "searching" colloquy of a defendant to ensure that the defendant understood the risks of self-representation.
 
 See generally
 

 State v. Bakalov
 
 ,
 
 862 P.2d 1354
 
 (Utah 1993) (per curiam). The Utah Supreme Court remarked, "The court is also urged to appoint standby counsel to preserve [the defendant's] right to self-representation and to preclude subsequent claims of lack of waiver or ineffective assistance of counsel."
 
 Id
 
 . at 1355. Like the searching questions required in
 
 Bakalov
 
 , a formal order of appointment of standby counsel serves to both highlight the risks attendant in a defendant representing himself and set expectations and parameters, which can be recurrently reviewed by a pro se defendant as well as standby counsel. Further, a formal order of appointment ensures that a defendant appreciates the truly binary nature of the decision between self-representation and representation by counsel: it is either one or the other.
 

 ¶24 Such an order appointing standby counsel, in addition to parameters specific to a case, might include language such as:
 

 In summary of the warnings that have previously been made to Defendant in open court, and unless and until Defendant expressly invokes the right to counsel and relinquishes his status as pro se counsel:
 

 A. Any witnesses in any hearing or trial will be questioned by Defendant, not his standby counsel.
 

 B. Any arguments made in open court will be made by Defendant, not his standby counsel.
 

 C. Any statements made by Defendant in court can be used against him in this or any other proceeding.
 

 D. Defendant will continually be responsible for compliance with the Utah Rules of Criminal Procedure, the Utah Rules of Civil Procedure, and the Utah Rules of Evidence.
 

 E. The court cannot give any legal advice to Defendant, including advice on how to try this case, hold a hearing, or otherwise proceed in this matter.
 

 F. Standby counsel's role is to act as a resource and is not appointed to keep Defendant from making mistakes.
 

 G. Standby counsel may assist Defendant in obtaining legal resources, but standby counsel is not expected to conduct research for Defendant.
 

 H. In the court's opinion, Defendant would be better served by being represented by an attorney. However, Defendant has elected to knowingly, intelligently, and voluntarily waive his right to counsel.