149 N.J. Super. 77 (1977)
373 A.2d 400
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEO McCLEARY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1977.
Decided March 28, 1977.
*78 Before Judges CARTON, KOLE and LARNER.
Mr. Daniel W. O'Mullan, designated counsel, argued the cause for defendant-appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Steven M. Ingis, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by LARNER, J.A.D.
Following a reversal of defendant's convictions for second degree murder, assault with an offensive weapon and threatening a life by use of a gun, defendant was retried and convicted again on the second degree murder charge. He was sentenced to New Jersey State Prison on the murder charge for a term of 20 to 28 years.
The appellate brief contains 19 points, some of which are urged by counsel and others asserted at the request of defendant himself. [The court found none of these contentions had merit.]
The only issue which merits discussion is the argument relating to the denial of defendant's application to participate in the trial pro se as co-counsel with his attorney. Assuming, without deciding, that the recent case of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is applicable retroactively, does the mandate of the Supreme Court therein apply to the facts in this case? The court in Faretta established the principle that a defendant in a criminal trial has an absolute right to proceed without counsel when he voluntarily and intelligently elects to do so. This right of self-representation is *79 implicit in the Sixth Amendment; and is equally binding on state and federal prosecutions. And although a defendant has the constitutional right to counsel, he cannot be compelled to accept a lawyer when he voluntarily and intelligently makes a decision to try his own case.
However, defendant herein did not request the opportunity to conduct the trial himself. He applied for the right to act as co-counsel "in all pretrial matters and at the trial." As a matter of discretion the judge denied the motion in part and granted permission for defendant to act in the capacity of co-counsel on pretrial and trial motions outside of the presence of the jury. He expressed the opinion that a defendant has no absolute constitutional right to defend himself, an opinion rendered before the Faretta case was decided.
The application of defendant may therefore be described as one for hybrid representation by defendant and his trained counsel  a request substantially different from sole pro se representation considered by the Faretta court. Prior to the decision in Faretta, several federal circuits had decided that a party had a right to represent himself but did not have a right to hybrid representation. See Lee v. Alabama, 406 F.2d 466 (5 Cir.1968), cert. den. 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969) (federal habeas corpus); Brasier v. Jeary, 256 F.2d 474 (8 Cir.), cert. den. 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958) (civil case); Duke v. United States, 255 F.2d 721, 724-727 (9 Cir.), cert. den. 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365 (1958). See also, United States v. Dellinger, 472 F.2d 340, 407-408 (7 Cir.1972), cert. den. 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed. 2d 706 (1973); United States v. Conder, 423 F.2d 904, 907-908 (6 Cir.), cert. den. 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970).
New Jersey courts have not yet spoken on the effect of Faretta upon hybrid representation. However, this question has been considered in other jurisdictions in cases arising after the Faretta opinion. See United States v. Hill, 526 *80 F.2d 1019 (10 Cir.1975), cert. den. 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); United States v. Swinton, 400 F. Supp. 805 (S.D.N.Y. 1975). See also, United States v. Bennett, 539 F.2d 45, 49-51 (10 Cir.1976); United States v. Williams, 534 F.2d 119, 123 (8 Cir.1976); United States v. Gaines, 416 F. Supp. 1047 (N.D. Ind. 1976); Callahan v. State, 30 Md. App. 628, 354 A.2d 191 (Ct. Spec. App. 1976). These courts, after considering the effect of Faretta, rejected the absolute right of a defendant to a hybrid arrangement, pointing out that the Faretta opinion does not guarantee such a right as a constitutional mandate.
The conclusion which can be drawn from the precedents before and after Faretta is that the determination of an application for hybrid representation is left to the sound discretion of the trial judge which will not be disturbed on appeal. The subject is one relating to the function of the trial judge to conduct an orderly trial  a matter traditionally left to his discretionary judgment. See State v. Sinclair, 49 N.J. 525, 552 (1967); State v. Davis, 45 N.J. 195, 198-199 (1965); State v. White, 86 N.J. Super. 410, 415-419 (App. Div. 1965). And as long as the right to a hybrid representation is not constitutionally protected, we cannot quarrel with the discretionary judgment of the trial judge that the interests of justice are better satisfied by a trial in which one counsel participates than a trial complicated by dual representation.
Affirmed.