PER CURIAM.
Considered in light of the requirement that:
“[i]n determining whether a specific instruction is erroneous, it should be considered with all the other instructions given, and the pleadings and evidence in the case. The proper test is whether the charge as a whole adequately presents the law upon the issues. In passing on a single instruction, it is to be judged in the light of all the other instructions given, bearing upon the same subject and if when so judged, the law appears to have been fairly presented to the jury, an assignment of error based on the challenged instruction cannot prevail.” Yacker v. Teitch, 330 So.2d 828, 830 (Fla. 3d DCA 1976) (citations omitted);
see Grimm v. Prudence Mutual Casualty Co., 243 So.2d 140 (Fla.1971); Miami Herald Publishing Co. v. Frank, 442 So.2d 982, 984 n. 3 (Fla. 3d DCA 1983); Life Insurance Co. of North America v. Aguila, 389 So.2d 303 (Fla. 5th DCA 1980), approved in part, quashed in part, 417 So.2d 651 (Fla.1982); Gallagher v. Federal Insurance Co., 346 So.2d 95 (Fla. 3d DCA), cert. denied, 354 So.2d 980 (Fla.1977); Security Mutual Casualty Co. v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976), we are unable to say that the jury instruction complained of on appeal constitutes reversible error. It was within the trial court’s discretion to permit one of the defendant-doctors to cross-examine the plaintiffs’ expert witness notwithstanding that the defendants were represented by counsel, see Brasier v. Jeary, 256 F.2d 474 (8th Cir.), cert. denied, 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958); State v. Tait, 387 So.2d 338 (Fla.1980); State v. McCleary, 149 N.J.Super. 77, 373 A.2d 400 (App.Div.), cert. denied, 75 N.J. 26, 379 A.2d 257 (1977), and we find no abuse of that discretion here. We find appellants’ other points equally without merit, but requiring no discussion.
Affirmed.