897 A.2d 1050

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. MIGUEL A. FIGUEROA, A/K/A SANTOS
SOLIS, DEFENDANT–RESPONDENT.

Argued March 20, 2006—Decided May 31, 2006.

*Joie D. Piderit,* Deputy Attorney General, argued the cause for appellant (*Zulima V. Farber,* Attorney General of New Jersey, attorney).

*Stephen W. Kirsch,* Assistant Deputy Public Defender, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney).

Justice RIVERA–SOTO delivered the opinion of the Court.

Defendant Miguel Figueroa was charged with knowing or purposeful murder, a capital offense, in violation of *N.J.S.A.* 2C:11–3a(1) or (2), felony murder, in violation of *N.J.S.A.* 2C:11–3a(3), aggravated sexual assault, in violation of *N.J.S.A.* 2C:14–2a(3), and sexual assault, in violation of *N.J.S.A.* 2C:14–2c(4), in connection with the August 1995 sexual assault and murder of a thirteen-year-old girl in Camden, New Jersey. Defendant moved to represent himself at trial, an application that was denied by the trial court. Defendant was convicted by a jury of all charges. However, because the jury did not unanimously determine that defendant had "committed the homicidal act by his own conduct[,]" as required by *N.J.S.A.* 2C:11–3c, defendant was spared the imposition of the death penalty and was sentenced to an aggregate term of life imprisonment plus twenty years, with forty-five years of parole ineligibility.

On appeal, defendant alleged he had been denied his right to self-representation as set forth in *Faretta v. California,* 422 *U.S.* 806, 95 *S.Ct.* 2525, 45 *L.Ed.*2d 562 (1975), and *State v. Crisafi,* 128 *N.J.* 499, 608 *A.*2d 317 (1992). The Appellate Division agreed, reversed defendant's conviction, and remanded the cause for a new trial. *State v. Figueroa,* 377 *N.J.Super.* 331, 872 *A.*2d 1087 (App.Div.2005).

We granted the State's petition for certification, 185 *N.J.* 296, 884 *A.2d* 1266 (2005). We affirm the judgment of the Appellate Division and remand the cause to the Law Division substantially for the reasons expressed in the opinion of Judge Coburn below. However, to assist the trial court on remand, we add the following.

When confronted with a defendant's *unequivocal* request for self-representation,[1] the trial court must carefully question the defendant to determine the scope of his request. As the Appellate Division correctly noted,

> a trial judge must engage in a searching inquiry, which [State v.] Crisafi[, 128 N.J. 499, 510–12, 608 A.2d 317 (1992)] said should include explanation of the nature of the charges, possible defenses, and the range of punishment; the technical problems arising from self-representation, and the risks taken if the defense is unsuccessful; the requirement that the defense be presented in compliance with the rules of criminal procedure and evidence; and the inadvisability of proceeding without assistance of counsel.
>
> [*Id.* at 336, 872 *A.2d* 1087.]

As the panel also recognized, "[i]n [State v.] Reddish[, 181 N.J. 553, 593–95, 859 A.2d 1173 (2004)], the Court expanded on the nature of the required inquiry[.]" *Ibid.*

Once the trial court engages in and completes that searching inquiry, it then must determine on the record whether the defendant is seeking to exercise the right to self-representation in whole or in part. If the former, then the proscriptions of *Crisafi* and *Reddish* apply and, if met, the defendant must be allowed to exercise his constitutional right to self-representation.

---

[1] The need for an unequivocal request for self-representation by a defendant is a necessary prerequisite to the determination that the defendant is making a knowing and intelligent waiver of the right to counsel. *See State v. Reddish*, 181 *N.J.* 553, 587, 859 *A.2d* 1173 (2004) ("A defendant may invoke the right to self-representation only if he makes a knowing and voluntary waiver of counsel."); *State v. Crisafi*, 128 *N.J.* 499, 509, 608 *A.2d* 317 (1992) ("A defendant can exercise the right to self-representation only by first knowingly and intelligently waiving the right to counsel.") (citing *McKaskle v. Wiggins*, 465 *U.S.* 168, 173, 104 *S.Ct.* 944, 948, 79 *L.Ed.2d* 122, 130 (1984)).

■ A different result may obtain, however, if the defendant's request is for partial, or hybrid, representation, that is, if the defendant wishes to represent himself only in respect of a part of the trial and not the trial as a whole. As the Appellate Division properly noted,

"hybrid representation may be foreclosed and is to be avoided wherever possible[,]" *State v. Roth,* 289 *N.J.Super.* 152, 165–66, 673 *A.*2d 285, 292 (App.Div.), *certif. denied,* 146 *N.J.* 68, 679 *A.*2d 655 (1996) (citations omitted), but may be granted in the trial judge's discretion. *State v. McCleary,* 149 *N.J.Super.* 77, 80, 373 *A.*2d 400, 401 (App.Div.), *certif. denied,* 75 *N.J.* 26, 379 *A.*2d 257 (1977).
[*Id.* at 337, 859 *A.*2d 1173.]

■ We make patent what was implicit in the panel's decision: there is no constitutional right to partial or hybrid representation. *Ibid. See also State v. Cook,* 330 *N.J.Super.* 395, 414–15 n. 2, 750 *A.*2d 91 (App.Div.), *certif. denied,* 165 *N.J.* 486, 758 *A.*2d 646 (2000) (describing hybrid representation allowed by trial court and deferring consideration of "the advisability of this or any other aspect of the hybrid representation afforded to defendant"); *State v. Roth,* 289 *N.J.Super.* 152, 165–66, 673 *A.*2d 285 (App.Div.), *certif. denied,* 146 *N.J.* 68, 679 *A.*2d 655 (1996) ("Although a defendant has the constitutional right to proceed with or without counsel under *Faretta v. California,* 422 *U.S.* 806, 819, 95 *S.Ct.* 2525, 2534, 45 *L.Ed.*2d 562, 572 (1975), the right to hybrid representation may be foreclosed and is to be avoided wherever possible."); *State v. Buhl,* 269 *N.J.Super.* 344, 364, 635 *A.*2d 562 (App.Div.), *certif. denied,* 135 *N.J.* 468, 640 *A.*2d 850 (1994) ("*Faretta* does not require a trial judge to permit a 'hybrid' representation of the type defendant was actually allowed."); *State v. Long,* 216 *N.J.Super.* 269, 275, 523 *A.*2d 672 (App.Div. 1987) ("Hybrid representation, i.e., *pro se* representation and that by counsel, is left to the court's discretion. The subject is one relating to the function of the trial judge to conduct an orderly trial—a matter traditionally left to his discretionary judgment. It is apparent that such joint action is to be avoided wherever possible.") (citations, internal quotation marks and editing marks omitted); *State v. McCleary,* 149 *N.J.Super.* 77, 80, 373 *A.*2d 400 (App.Div.), *certif. denied,* 75 *N.J.* 26, 379 *A.*2d 257 (1977) ("[T]he

determination of an application for hybrid representation is left to the sound discretion of the trial judge which will not be disturbed on appeal. .... [T]he right to a hybrid representation is not constitutionally protected...."); *State v. Bontempo,* 170 *N.J.Super.* 220, 249, 406 *A.*2d 203 (Law Div.1979) (describing "[t]he procedure adopted by the trial judge [of allowing a represented defendant to make a separate closing argument to the jury as] without precedential support and [ ] of doubtful utility."), *habeas denied sub nom. Bontempo v. Fenton,* 692 *F.*2d 954 (3d Cir.1982), *cert. denied,* 460 *U.S.* 1055, 103 *S.Ct.* 1506, 75 *L.Ed.*2d 935 (1983).

 Hence, whether to grant a defendant the opportunity to represent himself in part and be represented by counsel in part rests in the sound discretion of the trial court. That exercise of discretion requires that the trial court start from the presumption that hybrid representation is to be discouraged. If, however, a defendant insists on hybrid representation, the trial court in the exercise of its discretion must consider, among other things, the scope of the hybrid representation sought by the defendant; the practicality of splitting defendant's representation between defendant and defendant's counsel; and defendant's explicit recognition that engaging in hybrid representation, akin to self-representation, constitutes a waiver of any future ineffective assistance of counsel claims under the *Strickland/Fritz* test in respect of those matters in which the defendant represents himself. *Strickland v. Washington,* 466 *U.S.* 668, 104 *S.Ct.* 2052, 80 *L.Ed.*2d 674 (1984); *State v. Fritz,* 105 *N.J.* 42, 519 *A.*2d 336 (1987).

 Regrettably, the record in this case is not sufficiently clear to determine precisely the scope of defendant's request: whether he was requesting the right of self-representation or, instead, the opportunity to engage in hybrid representation. Starting from defendant's unspecified "application to proceed *pro se*[,]" the trial court, seeking to determine whether defendant's waiver of the right to counsel was knowing and voluntary, focused on particular aspects of the upcoming trial and defendant's ability to fairly represent himself in respect of them. That focus had an unintend-

ed consequence: defendant constantly modified the scope of his request to meet the questions asked of him and, in doing so, appeared to vacillate between a request for self-representation and a request for hybrid representation.

■ To the extent the record does not disclose the true nature of defendant's request, we are compelled to conclude that a *Faretta/Crisafi/Reddish* violation is present. Therefore, we must endorse the Appellate Division's conclusion and remand this matter for a new trial. At that new trial, and because the violation present is of constitutional dimension, defendant must be returned to the *status quo ante* and, hence, is entitled to exercise his constitutional rights anew. *State v. Thomas,* 362 *N.J.Super.* 229, 244, 827 *A.*2d 1087 (App.Div.), *certif. denied,* 178 *N.J.* 249, 837 *A.*2d 1092 (2003) (reversing defendant's conviction due to violation of right to self-representation and, citing *Buhl v. Cooksey,* 233 *F.*3d 783, 806 (3d Cir.2000), concluding that defendant is entitled to choice on remand between representing himself and proceeding with counsel). *See, e.g., Buhl v. Cooksey,* 233 *F.*3d 783, 803, 807 n. 25 (3d Cir.2000) (granting habeas corpus relief due to *Faretta* violation and directing that "[i]f the State elects to retry [the defendant] on the charges underlying the convictions in this case . . ., [the defendant] must once again affirmatively request to proceed pro se if he still wishes to do so. Following any such [ ] request, the court must conduct an appropriate inquiry . . . [and] [a]bsent a request to proceed pro se [the defendant] will be entitled to representation of counsel at any retrial."); *United States v. Hernandez,* 203 *F.*3d 614, 625 (9th Cir.2000) (following reversal of conviction for *Faretta* violation, defendant is entitled to " 'an opportunity to make an informed and knowing choice' " of whether to proceed pro se or with counsel (quoting *United States v. Arlt,* 41 *F.*3d 516, 521 (9th Cir.1994))); *United States v. McKinley,* 58 *F.*3d 1475, 1483 (10th Cir.1995) (reversing defendant's conviction due to improper denial of his Sixth Amendment right to self-representation and requiring that at new trial defendant be allowed "to exercise all of his constitutional rights, including" his

right to counsel and right to choose to proceed pro se); *Johnstone v. Kelly,* 812 *F.*2d 821, 821–22 (2d Cir.), *cert. denied,* 482 *U.S.* 928, 107 *S.Ct.* 3212, 96 *L.Ed.*2d 699 (1987) (remanding for retrial at which the defendant would be free to make choice to represent himself or proceed with counsel); *State v. Bakalov,* 862 *P.*2d 1354, 1355 (Utah 1993) (reversing for *Faretta* violation and remanding "for a new trial at which [defendant] may exercise his constitutional right to represent himself if he voluntarily, knowingly, and intelligently chooses to do so").

The judgment of the Appellate Division is affirmed.

*For affirmance* Chief Justice PORITZ, and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE, and RIVERA–SOTO—7.

*Opposed*—None.