**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1276-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANKLIN D. NICOLOUDAKIS,

    Defendant-Appellant.

_____

        Argued May 17, 2017 — Decided June 29, 2017

        Before Judges Accurso and Lisa.

        On appeal from Superior Court of New Jersey,
        Law Division, Mercer County, Indictment No.
        07-08-0842.

        Frank D. Nicoloudakis, appellant, argued the
        cause pro se.

        Olivia M. Mills, Assistant Prosecutor, argued
        the cause for respondent (Angelo J. Onofri,
        Mercer County Prosecutor, attorney; Laura
        Sunyak, Assistant Prosecutor, of counsel and
        on the brief).

PER CURIAM

Defendant appeals the September 29, 2014 order denying his motion for reconsideration of the August 14, 2014 order dismissing his Post-Conviction Relief (PCR) petition without prejudice. For the reasons that follow, we reverse.

Defendant pled guilty to fourth-degree stalking, N.J.S.A. 2C:12-10b, for which he was sentenced on March 31, 2008 to a five-year term of probation. Defendant filed a direct appeal, and we affirmed in an unpublished opinion. State v. Nicoloudakis, No. A-0383-08 (App. Div. Aug. 16, 2010).

On the last day allowed to meet the five-year limitation period for filing a PCR petition, see Rule 3:22-12(a)(1), defendant filed his PCR petition on April 1, 2013.[1] On July 20, 2013, defendant filed an amended petition. He filed both the original and amended petitions as a pro se party.

The criminal case management office sent three letters to defendant dated August 20, 2013, October 17, 2013, and January 8, 2014. Defendant does not dispute that he received these letters. We have not been provided with the letters in the appellate record. From the information we have, which defendant also does not dispute, the letters directed him to inform the court whether he wished to be assigned a public defender, whether he obtained

---

[1]  The five-year anniversary, March 31, 2013, fell on a Sunday, as a result of which his filing the next day was timely.

private counsel, or whether he would proceed pro se.  There is no indication in the record before us that the letters informed defendant of any particular consequence that would flow from his failure to respond.

Defendant did not respond to any of the letters.  He contends that his reason for not responding was that he believed "Criminal Case Management" was an arm of the prosecutor's office, not of the court, and he had no obligation to respond to a communication coming from the prosecutor's office.  Whether or not that contention is credible is not dispositive of this appeal.

On August 14, 2014, the trial court issued a sua sponte order dismissing defendant's petition "without prejudice due to Defendant's failure to either submit an affidavit of indigency or inform the Court as to whether or not he will proceed pro se or with private counsel."  An accompanying letter by the court set forth a statement of reasons as follows:

> This Court is in receipt of your post-conviction relief application filed on July 20, 2013.  Pursuant to R. 3:22-6(a) ". . . a defendant who wants to be represented by the Office of the Public Defender may annex thereto a sworn statement alleging indigency in the form prescribed by the Administrative Director of the Courts. . ."  As this is your first post-conviction relief application, you are entitled to assignment of counsel.  In letters dated August 20, 2013; October 17, 2013 and January 8, 2014, you were directed to inform the Court as to whether or not you

wished to be assigned a public defender however you still have not submitted an affidavit of indigency nor in the alternative, any documents stating that you have obtained private counsel or will be proceeding pro se.

Therefore, this post-conviction relief application is dismissed without prejudice.

Defendant filed a timely motion for reconsideration on September 3, 2014, accompanied by a brief. He filed these documents in his pro se capacity. He expressed his regrets for not responding to the letters from criminal case management and explained his reason, as we have set forth above. He also stated that "the requests for designation of representation never set a time limit for reply or indicated that without a response, the entire petition and opportunity for having the issues reviewed would be summarily dismissed." He expressed concern that, because he was now beyond the five-year limitation period, refiling might not be a viable alternative.

Defendant contended that the exhibits he attached, which included the first page of his original and amended petitions, identified the fact that he was acting pro se. He contended that these designations constituted an unequivocal assertion on his part that he was proceeding pro se and "[t]here was no legitimate reason for the office staff [in the criminal case management office] to ignore those declarations." He concluded that the

4

court "either did not consider, or failed to appreciate the significance of probative, competent evidence." He requested that the court reverse its decision of August 14, 2014, and reinstate his PCR petition.

The court issued an order on September 29, 2014, denying defendant's motion "because there is not a sufficient showing of plainly incorrect reasoning, a failure to consider evidence or new information to be considered pursuant to Rule 4:49-2." In the judge's accompanying letter stating reasons for denial of the motion, he stated: "Initially, when a defendant petitions for Post-Conviction Relief pro se, the defendant subsequently requests for an attorney, or responds to inquiries stating that they will continue pro se." Relying on State v. Figueroa, 186 N.J. 589 (2006), the judge stated that defendant's failure to respond to the letters did not constitute a clear and unequivocal request to represent himself. The judge concluded that because this was defendant's first PCR petition, he was "free to refile at [his] earliest convenience and the Court will consider all circumstances regarding your filing date."

In Figueroa, a capital murder prosecution, the trial court denied the defendant's motion for self-representation. Id. at 592. He was convicted of non-capital murder and other offenses. Ibid. This court reversed, concluding that the defendant had been

denied his right of self-representation. <u>Ibid.</u> The Supreme Court affirmed and reiterated the probing inquiry that must be made of a defendant requesting the right of self-representation at a trial, and particularly, differentiating between complete self-representation (for which there is a constitutional right) and hybrid representation (for which there is no constitutional right but is discretionary with the court). <u>Id.</u> at 593-97. Only through such a probing inquiry, can a proper decision be made as to whether the assertion of the right to self-representation is knowing, voluntary, and unequivocal. <u>Ibid.</u>

The circumstances here were quite different. A PCR petitioner "who wants to be represented by the Office of the Public Defender may annex [to his or her petition] a sworn statement alleging indigency in the form prescribed by the Administrative Director of the Courts, which form shall be furnished to the defendant by the criminal division manager's office." <u>R.</u> 3:22-6(a). There is no indication in this record that defendant was ever furnished with such a form. He was never directed to come to court for an in-person inquiry by a judge on the subject. Defendant has consistently maintained that he does not want to be represented by the public defender. Whatever doubt might have been caused by his non-response to the letters was clarified in defendant's reconsideration motion.

A-1276-14T4

Rule 4:49-2, authorizing reconsideration motions, requires a showing that the court's decision was based on plainly incorrect reasoning, the court failed to consider evidence, or there is a good reason for it to consider new information submitted with the reconsideration motion. Cummings v. Bahr, 295 N.J. Super. 374, 384-85 (App. Div. 1996). The rule is especially significant and useful where the initial order was issued without having been litigated or argued, as in this case. Calcaterra v. Calcaterra, 206 N.J. Super. 398, 403-04 (App. Div. 1986).

Relying on Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010), the State argues that reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." However, in this case, there was no motion and there was no argument. Defendant's reconsideration motion was made in response to a sua sponte order issued without prior notice or opportunity to be heard in writing or orally. Defendant's reconsideration motion was his first opportunity to state his position as to why his PCR petition should not be dismissed on the sole ground that he did not advise the court of his wish to proceed pro se. Having made his position clearly known in his reconsideration motion, the sole basis underpinning the dismissal order no longer existed. Because of the lack of prior notice of the potential dismissal, there was

A-1276-14T4

indeed good reason for the court to consider the new information submitted. In these circumstances, due process requires as much. Failure to do so constituted an abuse of discretion.

We note that the rule permitting PCR dismissal without prejudice and allowing refiling within ninety days, even beyond the five-year limitation period, applies only when the dismissal is on the basis that the petition is not cognizable under <u>Rule</u> 3:22-2, or fails to contain the necessary contents or verification required by <u>Rule</u> 3:22-8. <u>R.</u> 3:22-12(a)(4). Neither of those circumstances provided a basis for the dismissal order in this case. Defendant's concern that refiling within ninety days of the dismissal order, but outside the five-year limitation period, might not be viable was not unjustified. <u>Rule</u> 3:22-12(a)(4) does not appear to apply, and the judge's letter to defendant stating that he was free to refile "at his earliest convenience and the Court will consider all circumstances regarding your refiling date" was not an indication of an automatic right to refile.

One final note. In his appeal, defendant has contended that the judge dismissed his petition and denied his reconsideration motion based on personal animus arising out of some previous interactions between defendant and the judge in unrelated matters. The record contains no evidence to support this contention, which we deem to be unfounded and purely speculative. This contention

plays no part in our decision. Further, we have no view as to the merits of defendant's PCR petition. Indeed, the record before us contains nothing more than the first page of his original and amended petitions, and we are not even aware of the grounds for relief he asserts.

The September 29, 2014 order denying defendant's reconsideration motion is reversed. The August 14, 2014 order dismissing defendant's PCR petition is vacated. The PCR petition is reinstated.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION