# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0322-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PATRIC REED-PRICE, a/k/a
PATRIC PRICE, PATRICK
PRICE, PATRICK REED,
PATRIC REEDPRICE,
PATRICK REEDPRICE,
and PAT REID,

    Defendant-Appellant.

_____

Submitted December 19, 2023 – Decided December 27, 2023

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 16-06-1349.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

William Edward Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Nicole Pulkstenis, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Patric Reed-Price appeals from the Law Division's July 5, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate the procedural history and facts set forth in our decision on defendant's direct appeal of his convictions and sentence for first-degree aggravated sexual assault and other offenses. State v. Reed-Price, Docket No. A-4249-16 (App. Div. Sept. 20, 2018), certif. denied, 237 N.J. 315 (2019). The following facts are pertinent to the present appeal.

Defendant represented himself at his trial. Id. at 1. Prior to granting defendant's motion permitting him to represent himself, the trial court thoroughly apprised defendant of the responsibilities he would assume as his own attorney. The court told defendant that he would be held to the same standards applicable to attorneys; responsible for issuing subpoenas to any potential witnesses; obligated to file his own discovery requests; and unable to make a claim of ineffective assistance of counsel in a later PCR proceeding.

The trial court appointed defendant's former public defender as standby counsel. The court directed standby counsel to provide defendant with a copy of the "criminal rules and the criminal code." Standby counsel did so.

Before trial, defendant attempted to acquire his phone records from jail and his cell phone with the help of standby counsel and counsel's investigator, who retrieved seventeen phone call records and defendant's cell phone from the jail for him. At the end of the first day of trial, defendant told the court that he did not anticipate putting any witnesses on and as to "the phone calls that [he] was going to present, [the court doesn't] have to stress [] about it." Standby counsel also advised the court that he "reviewed the remaining calls" with defendant, who "indicated that he believed that it was a complete and accurate record of all the calls that were there." Defendant was not able to get into his cell phone because it was locked and he did not have the correct passcode.

When asked whether he subpoenaed any witnesses, defendant told the court he was "probably not going to bring nobody." On the last day of trial, defendant did not testify or put any witnesses on the stand.

After the jury convicted him, the trial court sentenced defendant to an aggregate eighteen-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, Megan's Law registration and reporting requirements, and

3

parole supervision for life.  Id. at 1.  We thereafter affirmed defendant's conviction and sentence.  Id. at 2-3.

Defendant filed a timely petition for PCR.  Among other things, defendant alleged that his standby counsel provided him with ineffective assistance because he failed to:  (1) obtain his recorded jail phone calls and his cell phone in discovery; and (2) subpoena witnesses for him.

After oral argument, Judge Dorothy Incarvito-Garrabrant rendered a thorough written decision denying defendant's petition.  Judge Incarvito-Garrabrant found that because defendant represented himself at the trial, he was not entitled to bring a claim for the ineffectiveness of standby counsel.

However, even if defendant were permitted to do so, the judge found that he failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that counsel's performance was deficient and that, but for the deficient performance, the result would have been different.  In this regard, Judge Incarvito-Garrabrant noted that standby counsel and his investigator did obtain a record of "every phone call" from the county jail.  After reviewing the records, defendant determined not to use them at trial. The judge also found that standby counsel also obtained the cell phone for

4

defendant, but defendant could not open it with the passcode he thought would enable him to do so.

Finally, Judge Incarvito-Garrabrant found that defendant knew he was responsible for issuing subpoenas to any witnesses. And, in any event, defendant never provided a certification describing the testimony any of the witnesses were expected to provide. Because defendant did not demonstrate that he was prejudiced by his failure to call witnesses, the judge held that defendant was unable to meet the second prong of the <u>Strickland</u> test. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT 1: STANDBY COUNSEL WAS INEFFECTIVE FOR NOT TIMELY ARRANGING FOR DEFENDANT'S REVIEW OF THE RECORDED JAIL PHONE CALLS AND HIS CELL PHONE, AND FAILING TO ASSIST HIM TO ISSUE SUBPOENAS TO PERSONS HE WANTED TO TESTIFY.
>
> POINT II: THE COURT ERRED IN FINDING THAT THE CLAIMS OF INEFFECTIVE ASSISTANCE DID NOT PREJUDICE DEFENDANT AND WOULD NOT HAVE CHANGED THE RESULT OF THE TRIAL.

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons set forth by Judge Incarvito-Garrabrant in her comprehensive written decision. We add the following comments.

A defendant who represents himself "relinquishes . . . many of the traditional benefits associated with the right to counsel." Faretta v. California, 422 U.S. 806, 835 (1975). Hybrid representation "is to be avoided wherever possible," and is not required under Faretta. State v. Figueroa, 186 N.J. 589, 594 (2006). A defendant who represents himself "cannot be permitted to 'manipulate the system by wavering between assigned counsel and self-representation.'" State v. Ortisi, 308 N.J. Super. 573, 588 (App. Div. 1998) (quoting State v. Crisafi, 128 N.J. 499, 517 (1992)). A self-represented defendant thereby "waive[s] any and all later claims that his self-representation constituted ineffective assistance of counsel." State v. Reddish, 181 N.J. 553, 594 (2004). See also Faretta, 422 U.S. at 834 n.46 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.") (internal quotation marks omitted).

The trial court is permitted and encouraged to appoint standby counsel "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." Reddish, 181 N.J. at 597 (quoting Faretta, 422 U.S. at 834 n.46) (citations omitted). Standby counsel's participation in a pro se defendant's trial is necessarily limited. Ibid. Standby counsel may not substantially interfere with the defendant's trial strategy, nor may he destroy the jury's perception that the defendant is conducting his own defense. Ibid. Standby counsel may assist the pro se defendant in "overcoming routine procedural or evidentiary obstacles" or "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." Id. at 598. The pro se defendant, however, is responsible for organizing his own defense, making motions, arguing points of law, participating in voir dire, questioning witnesses, and addressing the court and jury throughout trial. McKaskle v. Wiggins, 465 U.S. 168, 174 (1984); State v. Davenport, 177 N.J. 288, 302 (2003).

In this case, the trial court warned defendant about the consequences of self-representation and the responsibilities he was undertaking. Defendant acknowledged that he understood his duties and that he could not claim ineffective assistance of counsel. The trial court's appointment of defendant's

public defender as his standby counsel did not affect defendant's waiver of any future ineffectiveness claims because there is "no constitutional right to standby counsel." United States v. Oliver, 630 F.3d 397, 414 (5th Cir. 2011) (quoting United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998) ("[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel.") (alteration in original)). Thus, the trial court correctly denied defendant's PCR petition challenging the alleged lack of assistance provided to him by standby counsel.

However, even considering defendant's claims, we are satisfied that they lack merit. A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Therefore, a defendant must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Here, standby counsel obtained the jail phone call records that were available at the county jail, together with defendant's cell phone. However, defendant decided not to use any of the records and could not open the phone because he did not have a working passcode. Defendant never identified any

prejudice he suffered at trial by the timing of the production by the jail of the phone records or his inability to open his cell phone.

Defendant also did not provide Judge Incarvito-Garrabrant with certifications detailing the testimony of any of his proposed witnesses and he never specified how their testimony would have affected the result of the proceedings. Thus, defendant was unable to prove the second prong of the Strickland test, and his bald assertions to the contrary did not warrant an evidentiary hearing or PCR relief. Cummings, 321 N.J. Super. at 170.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0322-22