# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2196-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDREW PENA,

     Defendant-Appellant.

_____

> Submitted January 14, 2026 – Decided January 23, 2026
>
> Before Judges Currier, Smith and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 08-01-0010.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).
>
> Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Legal Assistant, on the brief).
>
> Appellant filed a supplemental brief on appellant's behalf.

PER CURIAM

Defendant Andrew Pena appeals the trial court's order denying his first petition for post-conviction relief (PCR) without an evidentiary hearing after finding defendant failed to establish a prima facie case for ineffective assistance of counsel. We affirm because defendant's petition is time-barred under Rule 3:22-12(a)(1).

I.

A.

We recount the facts from defendant's direct appeal after his second trial:

> On the evening of January 27, 2007, E.D. and her friend C.C. went to a party in Butler. After socializing for several hours, E.D., C.C., and a new acquaintance, L.D., decided to pick up food at a nearby bagel store. Because C.C. and L.D. had been drinking but E.D. had not, E.D. drove the three of them in C.C.'s car. The weather was cold and it was snowing lightly.

> The women arrived at G & A Bagel around 3:15 a.m. The parking lot was full, so E.D. pulled to the entrance of an alley on the left side of the building. C.C. and L.D. went into the store to order bagels while E.D. waited in the car.

> E.D. then saw a man with a broom in his hands, sweeping the snow. The man walked up to the driver's side window and told E.D. to pull forward into the alley. Believing the man worked at the store, E.D. did as he asked. In her rear[-]view mirror[,] she saw him motioning for her to keep going. She continued to drive

2

forward, thinking the alley would lead her around the store, but instead it dead-ended at the back of the building. E.D. realized she would need to back up, but as she started to turn, the man came to the window and asked her to shut her headlights off so as not to disturb neighboring homes. She shut her headlights off[] but left the car running.

When E.D. next saw the man he was walking toward the car from behind the building. His pants were down, "his private part was out," and "he had a disgusting[-]like grin on his face." As he approached the driver's side door, E.D. panicked and tried to start the car but was unable to because it was in drive. Because she was not familiar with the controls in C.C.'s car, the man was able to open the door before E.D. could lock it.

The man shoved his whole body inside the car, wrapped his hand around E.D.'s hair, and forced her to touch his penis, while at the same time taking the keys out of the ignition and tossing them to the ground. During the struggle, he also managed to grab her cell phone and throw it over the car. The man then dragged E.D. out of the car onto the pavement, pulled down her pants, and jammed his fingers inside of her.

[State v. Pena, (Pena II) No. A-2098-15 (App. Div. Apr. 24, 2018) (slip op. at 3-5).]

Defendant was indicted on charges of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); second-degree burglary, N.J.S.A. 2C:18-2(b); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); and third-degree criminal restraint,

3

A-2196-23

N.J.S.A. 2C:13-2(b). After a trial, a jury convicted defendant on all counts. On December 14, 2009, defendant was sentenced to twenty-seven years and nine months, subject to the No Early Release Act (NERA).[1] Defendant appealed, arguing that: he was prejudiced at trial; denied the right to a fair trial; his Sixth Amendment rights were violated; and his conviction for involuntary servitude should have been dismissed. State v. Pena, (Pena I) No. A-2335-09 (App. Div. Dec. 18, 2013) (slip op. at 19-20).

We reversed defendant's convictions, remanded for a new trial on the first-degree aggravated sexual assault, second-degree burglary, second-degree sexual assault and fourth-degree criminal sexual contact charges, and instructed the trial court to enter an order dismissing the third-degree criminal restraint charge. Id. at 36-37. We concluded defendant's acts did not constitute criminal restraint under N.J.S.A. 2C:13-2(b). Id. at 34-36. Further, we concluded the trial court's admission of certain prior acts of defendant was prejudicial, and error under N.J.R.E. 404(b). Id. at 22-26.

Prior to defendant's second trial, he moved to represent himself. The court granted his motion and appointed standby counsel. The following colloquy occurred between defendant and the court:

_____

[1] N.J.S.A. 2C:43-7.2.

[THE COURT]: Even if I was to appoint standby counsel do you understand that if you take on the role of representing yourself you will have no argument that you hadn't been well represented because you are the one representing yourself; do you understand that?

[DEFENDANT]: I do Judge. I think I raised that in my -- in my application and my motion to the State.

[THE COURT]: I just want you [to] understand and please listen to me for a moment because I'm going to explain this completely to you. In other words[,] you could not say that my standby counsel didn't do something effective or it didn't represent me effectively. If you take on the role of your own counsel you waive that [r]ight including that [r]ight to argue that on appeal. Do you understand that?

[DEFENDANT]: Yes Your Honor.

Defendant's second trial was held from October 19, 2015, to November 11, 2015. A jury found defendant guilty on all counts. On December 18, 2015, the court sentenced him to twenty-nine years and four months subject to NERA. Defendant again appealed his convictions and sentencing.

We affirmed defendant's convictions on direct appeal but vacated his sentence and remanded for resentencing. Pena II, slip op. at 44. We found defendant's increased sentence was grounded in the sentencing court's erroneous application of aggravating factors one and two.[2] Id. at 43. On May 23, 2018,

---

[2] N.J.S.A. 2C:44-1(a)(1) to (2).

A-2196-23

on remand, the court again sentenced defendant to twenty-nine years and four months for all four counts, this time not finding aggravating factors one and two in its analysis.

B.

On May 10, 2023, defendant filed his first petition for PCR. Defendant argued he received ineffective assistance from standby counsel (IAC) due to counsel's inaction while the trial court allegedly committed error, ultimately depriving defendant of a fair trial. The PCR court denied defendant's petition without a hearing, finding he had not established a prima facie IAC claim under Strickland/Fritz.[3] Further, the PCR court found all defendant's claims were barred under Rules 3:22-4, -5, and -8. On appeal, defendant argues:

> Point I
>
> THE PCR JUDGE ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.
>
> (A) Legal Standards Governing Applications for Post-Conviction Relief.
>
> (B) An Evidentiary Hearing Was Required to Determine Defendant's Claims.
>
>    (1) The Photo Array.

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42 (1987).

(2) The Denial of the Mistrial Motion Regarding Jury Tampering.

(3) The Denial of Defendant's Attempt to Offer Into Evidence Information That A Witness Had Said The Perpetrator Was Black.

(4) The Denial of Defendant's Motion To Preclude Lay Footprint Testimony.

(5) The Restriction of Defendant's DNA Questioning.

(6) The Failure to Assist Defendant In His Request For Ancillary Services.

(C) Standy Counsel Admitted to Ineffectiveness On The Record.

## II.

## A.

Since "the PCR court did not hold an evidentiary hearing, we review both the factual inferences drawn from the record and any legal conclusions de novo." State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). We review the PCR court's interpretations of law de novo. State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (citing State v. Harris, 181 N.J. 391, 419 (2004)).

7

B.

On appeal, we note all defendant's arguments are variations of IAC claims against his standby counsel. Each argument relies on defendant's contention that his standby counsel failed to advise him of alleged errors by the trial court and then failed to take corrective action. We are unpersuaded because the matter is time-barred.

As a threshold inquiry, we consider whether defendant's first PCR petition is barred under Rule 3:22-12. A defendant is barred from filing a PCR petition if more than five (5) years have passed since entry of the judgment of conviction being challenged. R. 3:22-12(a)(1). However, we may relax the time bar if a defendant demonstrates that the delay resulted from excusable neglect and that, if the defendant's factual claims are proven true, enforcing the time bar would result in a fundamental injustice. R. 3:22-12(a)(1)(A).

In defendant's May 10, 2023 PCR petition, his first, he challenges his December 18, 2015 judgment of conviction. This petition is subject to a five-year time bar pursuant to Rule 3:22-12(a)(1). It follows that the petition is untimely, as defendant needed to file his first PCR application before December 18, 2020. His petition is nearly two years and five months beyond the last possible date for filing.

We note defendant's direct appeal, which he filed after entry of the 2015 judgment of conviction, cannot toll the time bar under Rule 3:22-12(a)(1). "The five-year period established by the Rule commences when the judgment of conviction is entered and is generally neither stayed nor tolled by an appellate or other proceeding." State v. Murray, 162 N.J. 240, 249 (2000). The rationale for this principle is clear.

> [I]f Rule 3:22-12 were construed to re-trigger the five-year period for filing a petition for post-conviction relief any time the court entered an amended judgment of conviction memorializing a resentencing, a defendant would be able to pursue a petition for post-conviction relief many years after his trial, when witnesses and counsel may have died or disappeared and memories of both the crime and the trial proceedings inevitably will have dimmed.
>
> [State v. Dugan, 289 N.J. Super. 15, 20-21 (App. Div. 1996).]

We conclude defendant's direct appeal and resentencing do not toll the time bar under Rule 3:22-12(a)(1). Additionally, our review of the record shows there is no basis to relax the time bar as defendant has failed to show excusable neglect, nor any compelling or exceptional circumstances to warrant relaxation. Defendant's PCR petition is outside the five-year limit, and his claims are time-barred.

9

Since defendant's first PCR petition is time-barred under Rule 3:22-12, it follows that defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[4] While we hold that this matter is time-barred, we also note the record is clear in showing that defendant has waived his right to make an IAC claim against standby counsel.  See State v. Figueroa, 186 N.J. 589, 595 (2006) (By electing to self-represent oneself, a defendant "waive[s] . . . any future ineffective assistance of counsel claims under the Strickland/Fritz test in respect of those matters in which the defendant represents himself in."); Faretta v. California, 422 U.S. 806, 821 (1975).