**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1804-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAFIIK A. HESTER,

    Defendant-Appellant.

_____

Submitted December 15, 2025 – Decided February 13, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 24-0018.

Anthony L. Cherry, Jr., attorney for appellant.

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Michael Cricchi, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rafiik A. Hester appeals from a Law Division order upholding convictions in the Howell Township Municipal Court for obstruction and resisting arrest pursuant to N.J.S.A. 2C:29-1A and 2C:29-2A(1). Defendant challenges the validity of his waiver of his Sixth Amendment right to counsel, contending the trial court erred in finding his waiver was knowing, intelligent, and voluntary. After our review of the record and pertinent legal principles, we affirm.

I.

On January 5, 2024, a resident of an apartment complex in Howell Township, reported defendant—a guest in her home—was causing a disturbance and refused to leave. Following a second call indicating defendant had moved to his car outside, Corporal Ryan Hurley of the Howell Township Police Department responded and found defendant in his motor vehicle. After Hurley's attempts at conversation and requests for identification were rebuffed, Hurley ordered defendant out of the vehicle. Defendant refused, resulting in Hurley and Officer Joseph McGovern forcibly removing and arresting defendant. Defendant was charged with obstruction and resisting arrest.

On January 12, 2024, defendant appeared self-represented in municipal court, checked a waiver box on a form indicating he was waiving his right to

2

counsel, and appeared self-represented for subsequent proceedings on February 2, March 1, April 4, May 8, and June 12, 2024. He was convicted on both charges and sentenced to ten days in jail, a $500 fine, and additional fees.

Defendant appealed to the Law Division on July 1, 2024. At the de novo trial on November 12, 2024, he appeared with counsel. The conviction was affirmed in a December 9, 2024 written opinion.

Defendant raises the following single point on appeal:

> POINT ONE
>
> THE MUNICIPAL COURT FAILED TO ESTABLISH THAT APPELLANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED HIS SIXTH AMENDMENT RIGHT TO COUNSEL.

Specifically, defendant asserts the trial court failed to conduct an adequate inquiry to ensure he understood: (1) the charges and consequences, (2) statutory defenses and mitigating circumstances, (3) the range of potential punishments, (4) the availability of counsel if indigent, and (5) the risks and disadvantages of self-representation. He contends that absent an affirmative, on-the-record showing of understanding and waiver, his conviction should be reversed. We are unpersuaded.

A-1804-24

## II.

A trial court's determination that a defendant knowingly and voluntarily waived his right to representation is reviewed for abuse of discretion. State v. DuBois, 189 N.J. 454, 475 (2007). "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020) (internal citations omitted)).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution grant the criminally accused "both the right to counsel and the right to proceed to trial without counsel." DuBois, 189 N.J. at 465. Criminal defendants possess "the right to proceed without counsel when they voluntarily and intelligently elect to do so." Ibid. (citing Faretta v. California, 422 U.S. 806, 818 (1975)).

A trial court must determine whether a defendant's waiver of his right to counsel "is indeed knowing, voluntary, and intelligent after a searching inquiry that involves advising the defendant of the risks and pitfalls of self-representation." State v. Rose, 458 N.J. Super. 610, 627 (App. Div. 2019) (citing DuBois, 189 N.J. at 468-69; State v. Figueroa, 186 N.J. 589, 593 (2006); State

v. Reddish, 181 N.J. 553, 593-95 (2004); State v. Crisafi, 128 N.J. 499, 510-12 (1992)).

To ensure a defendant's waiver is knowing and intelligent, trial courts must conduct an inquiry to inform defendants seeking to proceed self-represented about:

> (1) the nature of the charges, statutory defenses, and possible range of punishment; (2) the technical problems associated with self-representation and the risks if the defense is unsuccessful; (3) the necessity that [the] defendant comply with the rules of criminal procedure and the rules of evidence; (4) the fact that the lack of knowledge of the law may impair [the] defendant's ability to defend himself or herself; (5) the impact that the dual role of counsel and defendant may have; (6) the reality that it would be unwise not to accept the assistance of counsel; (7) the need for an open-ended discussion so that the defendant may express an understanding in his or her own words; (8) the fact that, if [the] defendant proceeds pro se, he or she will be unable to assert an ineffective assistance of counsel claim; and (9) the ramifications that self-representation will have on the right to remain silent and the privilege against self-incrimination.
>
> [State v. Outland, 245 N.J. 494, 506 (2021) (quoting DuBois, 189 N.J. at 468-69).]

"In the exceptional case, if the record indicates that the defendant actually understood the risks of proceeding [self-represented], a waiver may suffice." Crisafi, 128 N.J. at 513. This is a limited exception that applies only in rare

5

cases. Ibid. In Crisafi, the Court held that although the trial court failed to advise the defendant of the risks proceeding on a self-represented basis, he was "a court-wise criminal who fully appreciated the risks of proceeding without counsel, and that he decided to proceed [self-represented] with his eyes open." Ibid. "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

Our review of the record convinces us the trial court did not err in its determination defendant was aware of and knowingly waived his right to legal counsel. Before trial, the following colloquy took place between the municipal judge and defendant:

> MR. HESTER: [I]s this – for the record, is this trial by [j]ury?
>
> THE COURT: No sir, this is not the Supreme Court –
>
> MR. HESTER: So, this is not a trial –
>
> THE COURT: It is a trial.
>
> . . . .
>
> MR. HESTER: Okay. If I – will I be waiving my right to that cross over?

6

THE COURT: I'm not sure what right you are addressing. You got a number of rights which I have gone over each and every time you have been here before, at opening statement, you have the right to an attorney, right to a trial, you know all those rights. So I'm not sure what rights you are speaking. <u>We are starting a trial you are here unrepresented and you are obviously by walking in here without an attorney that I have gone over with you, that you are waiving your right to an attorney.</u>

MR. HESTER: <u>Yes I am waiving my right to attorney.</u>

THE COURT: You are not waiving your right to a trial because you are – we are about to start a trial.

MR. HESTER: Right.

THE COURT: So, any questions about your rights?

MR. HESTER: Can I challenge – I would like to challenge jurisdiction.

[(emphasis added).]

Additionally, the municipal judge reconfirmed defendant's waiver of his right to legal counsel, stating:

THE COURT: All right, with that being said, I believe another [j]udge entered a not guilty plea initially who was covering for me and at that point you were advised of the charges, advised of the consequences on January 12th, 2024. And you advised at the time you did not want an attorney; you further indicated that you did not want an attorney today. Correct?

MR. HESTER: <u>Yes.</u>

A-1804-24

[(emphasis added).]

Following trial, in her oral decision, the municipal judge stated, "I have asked [defendant] over and over and over again regarding getting an attorney, he did not want an attorney. He wanted to handle this case himself." Further, during cross-examination, we note defendant stated: "I have Miranda[1] rights. I can remain silent if I want to, right? [I] have a [right to an] attorney before I speak to anybody because anything I say can be used against me, correct?"

In addition, during sentencing the municipal judge reviewed defendant's criminal history and found:

> [O]n November 22nd 2010 he was found guilty of defiant trespass, in 2011 in Neptune. In 2011 there was a burglary and theft, actually went down to Municipal Court and it was a Municipal ordinance, disorderly conduct dismissed, a fine. There was also indictable burglary in 2012, 12 months driver's program, I don't know if that was PTI. In 2013 guilty resisting arrest fourth degree, placed on two years probation for Monmouth County Superior Court and assessed a fine[.] In 2017 a felony domestic violence, terroristic threats third degree, aggravated assault, placed upon three years' probation, community service in Essex County on July 24th, 2018. And then we have this case.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1804-24

Defendant appealed to the Law Division and after hearing argument, the trial court, in a written decision, found:

> It is clear from the May 8 transcript that defendant was advised of his right to counsel at his initial appearance. For defendant to raise that issue on appeal, it was his responsibility to provide that transcript. Without the record of defendant's first appearance, where he was initially advised of his right to counsel, this court is unable to conclude that the court failed to properly advise defendant of that right. Moreover, after the initial advice by the first-appearance judge, defendant was again advised of his right to counsel by the trial judge. From the record before this court, defendant made a knowing and intelligent waiver of his right to counsel. In defendant's brief he states, "No objective, comprehensive, or painstaking inquiry is documented in the trial transcripts prior to defendant's waiver." It is not clear from this statement whether counsel obtained and reviewed other transcripts, but this court considers only those submitted with this appeal.

The trial court found despite defendant's failure to provide the transcript of the first municipal court proceeding on January 12, 2024 that addressed the waiver of counsel issue and were grounds to dismiss the appeal, see R. 3:23-8(a), it determined sufficient information was in the record to decide the issues on their merits. We further note, defendant failed to file the transcript of this proceeding in this appeal.

Rule 2:5-3(b) requires the appellant, with certain exceptions, to file transcripts with this court of "the entire proceedings in the court . . . from which

9

the appeal is taken."  Failure to provide the transcript is grounds for dismissal of the appeal, or at least "a separable portion thereof."  Pressler & Verneiro, Current N.J. Court Rules, cmt. 2 following R. 2:5-3(b); Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).  An appellant's failure to provide the appellate court the records necessary to conduct a meaningful review of the trial court's decision constitutes sufficient grounds to dismiss the appeal for lack of prosecution under Rule 2:9-9.  That said, we are presented with nothing to suggest that those proceedings, if they had been transcribed and provided, contained anything that would be helpful to defendant's arguments because the record before us provides sufficient information to decide this appeal on its merits.

First, defendant signed a written form evidencing his right to counsel and his declination.  In addition, when asked by the municipal judge prior to trial as to representation by counsel, defendant stated, "Yes I am waiving my right to attorney."  The judge then offered an opportunity to ask questions about his rights before going to trial, and defendant moved on to challenge jurisdiction. The municipal judge also observed defendant had a prior criminal record and had referenced his "Miranda rights," while being cross-examined showing his familiarity with the legal system and his knowledge of his right to legal counsel.

Based on this information, the trial court found, on the available record, defendant made a knowing and intelligent waiver of his right to counsel.

Although the procedure in the municipal court ideally would have included a searching, on-the-record inquiry covering all factors listed in Outland; even if this procedure was not fully compliant in addressing every factor, we conclude defendant was fully aware of his right to counsel and knowingly waived said right based on his statements to the municipal judge. Notwithstanding such, we conclude the record supports the exception in Crisafi is also applicable. Here, the record exhibits defendant's understanding of his right to counsel based on his testimony regarding Miranda, his prior court experience related to his right to have counsel and his written direct acknowledgment of the waiver of this right. We are satisfied this evidence in the record sufficiently supports the trial court's conclusion defendant waived counsel knowingly and intelligently and the court did not abuse its discretion.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

m.C. Harley

Clerk of the Appellate Division

11                                                                          A-1804-24